QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Andrew M. Holmes (Bar No. 260475)
drewholmes@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

David A. Nelson (*pro hac vice pending*)
davenelson@quinnemanuel.com
Nathan Hamstra (*pro hac vice pending*)
nathanhamstra@quinnemanuel.com
500 W. Madison Street, Ste. 2450
Chicago, IL 60661
Telephone:     (312) 705-7400
Facsimile:      (312) 705-7401

*Attorneys for Fortinet, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>FORTINET, INC.,<br><br>             Defendant. | CASE NO. 3:18-cv-06555-JD<br><br>**DEFENDANT FORTINET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FINJAN, INC.'S COMPLAINT FOR PATENT INFRINGEMENT; DECLARATORY JUDGMENT COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. James Donato |

Fortinet, Inc. ("Fortinet") by and through its undersigned counsel, hereby submits the following Answer to the Complaint for Patent Infringement ("Complaint") filed by Finjan, Inc. ("Finjan"). Fortinet answers based upon actual knowledge as to itself and upon information and belief as to all other persons and events, as follows. All allegations not expressly admitted herein are denied.

## THE PARTIES

1.      Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph l and, therefore, denies the same.

2.      Admitted.

## JURISDICTION AND VENUE

3.      Fortinet admits that Finjan purports to plead claims arising under the Patent Act, 35 U.S.C. § 101 *et seq*., but denies that such claims have merit. Fortinet admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Fortinet admits that venue in this District is proper for the purposes of this case only, but denies that it has committed any acts of infringement in this District or any other.

5.      Fortinet admits that the Court has personal jurisdiction over Fortinet based on the fact that Fortinet does business in this District and maintains its principal place of business in this District. Fortinet denies the remaining allegations in paragraph 5.

## INTRADISTRICT ASSIGNMENT

6.      Fortinet admits that, pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis in this District.

## FINJAN'S INNOVATIONS[1]

7.      Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the same.

8.      Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies the same.

---

[1] Fortinet repeats the headings in Finjan's Complaint solely for the purpose of convenience and without any admission that they are true or correct.

**FINJAN'S ASSERTED PATENTS**

9.      Fortinet admits that U.S. Patent No. 6,154,844 ("the '844 Patent") entitled "SYSTEM AND METHOD FOR ATTACHING A DOWNLOADABLE SECURITY PROFILE TO A DOWNLOADABLE" bears the date November 28, 2000 and lists Shlomo Touboul and Nachshon Gal on its face.  Fortinet admits that a copy of what purports to be the '844 Patent is attached to the Complaint as Exhibit 1.  Fortinet denies the remaining allegations of this paragraph.

10.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the same.

11.     Denied.

12.     Fortinet admits that U.S. Patent No. 8,677,494 ("the '494 Patent") entitled "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS" bears the date March 18, 2014 and lists Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul on the face of the patent.  Fortinet admits that a copy of what purports to be the '494 Patent is attached to the Complaint as Exhibit 2.  Fortinet denies the remaining allegations of this paragraph.

13.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies the same.

14.     Denied.

15.     Fortinet admits that U.S. Patent No. 8,079,086 ("the '086 Patent") entitled "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS" bears the date December 13, 2011 and lists Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul on the face of the patent.  Fortinet admits that a copy of what purports to be the '086 Patent is attached to the Complaint as Exhibit 3.  Fortinet denies the remaining allegations of this paragraph.

16.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies the same.

17.     Denied.

18.     Fortinet admits that U.S. Patent No. 7,647,633 ("the '633 Patent") entitled "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS" bears the date January 12, 2010 and lists Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul on the face of the patent.  Fortinet admits that a copy of what purports to be the '633 Patent is attached to the Complaint as Exhibit 4.  Fortinet denies the remaining allegations of this paragraph.

19.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies the same.

20.     Denied.

21.     Fortinet admits that U.S. Patent No. 7,058,822 ("the '822 Patent") entitled "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS" bears the date June 6, 2006 and lists Yigal Mordechai Edery, Nimrod Itzhak Vered, and David R. Kroll on the face of the patent.  Fortinet denies that the '822 Patent issued to Shlomo Touboul.  Fortinet admits that a copy of what purports to be the '822 Patent is attached to the Complaint as Exhibit 5.  Fortinet denies the remaining allegations of this paragraph.

22.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies the same.

23.     Denied.

24.     Fortinet admits that U.S. Patent No. 7,975,305 ("the '305 Patent") entitled "METHOD AND SYSTEM FOR ADAPTIVE RULE-BASED CONTENT SCANNERS FOR DESKTOP COMPUTERS" bears the date July 5, 2011 and lists Moshe Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov, and Amit Shaked on the face of the patent.  Fortinet admits that a copy of what purports to be the '305 Patent is attached to the Complaint as Exhibit 6.  Fortinet denies the remaining allegations of this paragraph.

25.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, therefore, denies the same.

26.     Denied.

27.     Fortinet admits that U.S. Patent No. 8,225,408 ("the '408 Patent") entitled "METHOD AND SYSTEM FOR ADAPTIVE RULE-BASED CONTENT SCANNERS" bears the date July 17, 2012 and lists Moshe Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov, and Amit Shaked on the face of the patent.  Fortinet admits that a copy of what purports to be the '408 Patent is attached to the Complaint as Exhibit 7.  Fortinet denies the remaining allegations of this paragraph.

28.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies the same.

29.     Denied.

30.     Fortinet admits that U.S. Patent No. 6,965,968 ("the '968 Patent") entitled "POLIY-BASED CACHING" bears the date November 15, 2005 and lists Shlomo Touboul on the face of the patent.  Fortinet admits that a copy of what purports to be the '968 Patent is attached to the Complaint as Exhibit 8.  Fortinet denies the remaining allegations of this paragraph.

31.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies the same.

32.     Denied.

33.     Fortinet admits that U.S. Patent No. 7,418,731 ("the '731 Patent") entitled "METHOD AND SYSTEM FOR CACHING AT SECURE GATEWAYS" bears the date August 26, 2008 and lists Shlomo Touboul on the face of the patent.  Fortinet admits that a copy of what purports to be the '731 Patent is attached to the Complaint as Exhibit 9.  Fortinet denies the remaining allegations of this paragraph.

34.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies the same.

35.     Denied.

36.     Paragraph 36 of the Complaint does not contain any allegations, and therefore no response is required.

## FINJAN'S NOTICE OF INFRINGEMENT TO DEFENDANT

37.     Fortinet admits that Finjan sent a letter subject to Federal Rule of Evidence 408 addressed to Ken Xie of Fortinet on December 8, 2016.  Fortinet admits that the December 8, 2016 letter includes an Appendix that lists "Patent Number[s]" for the '844, '494, '086, '633, '822, '305, '408, '968, and '731 Patents.  Fortinet admits that a copy of what purports to be the December 8, 2016 letter is attached to the Complaint as Exhibit 10.  Fortinet denies the remaining allegations of this paragraph.

38.     Fortinet admits that Finjan presented PowerPoint presentations subject to Federal Rule of Evidence 408 to Fortinet on or about September 20, 2017 and on or about April 5, 2018.  Fortinet admits that Finjan emailed a copy of PowerPoint presentation slides to Fortinet on April 10, 2018. Fortinet admits that the April 10, 2018 presentation lists Patent Numbers for the '844, '633, '494, '731, and '968 Patents.  Fortinet admits that what purports to be an excerpt from the April 10, 2018 presentation appears to be shown in paragraph 38 of the Complaint.  Fortinet admits that a copy of what purports to be the April 10, 2018 presentation is attached to the Complaint as Exhibit 11. Fortinet denies the remaining allegations of this paragraph.

39.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, denies the same.

40.     Denied.

## DEFENDANT'S INFRINGING PRODUCTS AND TECHNOLOGIES

41.     Fortinet admits that it makes, uses, sells, offers for sale, or imports into the United States and this District products and services in connection with the marketing terms "FortiGate," "FortiManager," "FortiAnalyzer," "FortiSiem," "FortiSandbox," "FortiMail," "FortiWeb," "FortiCache," and "FortiClient."  Fortinet also admits that it uses the marketing term "Fortinet Security Fabric" in connection with some of Fortinet's products and services.  Fortinet admits that Finjan's Complaint refers to the forgoing as the "Accused Products."  Fortinet denies the remaining allegations of this paragraph.

42.     Fortinet admits that an excerpt from a copy of what purports to be a Fortinet White Paper entitled "Security Transformation Requires a Security Fabric" is shown in paragraph 42 of the

Complaint.  Except as otherwise expressly admitted, Fortinet denies the remaining allegations in paragraph 42 because, in part, the allegations are vague and Fortinet lacks sufficient knowledge to admit or deny them.

### FortiGate

43.     Fortinet admits that it uses the marketing term "FortiGate" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiGate, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 17 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiGate 400D," and Exhibit 23 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiGate 6000F Series."  Fortinet denies the remaining allegations of this paragraph.

### FortiWeb

44.     Fortinet admits that it uses the marketing term "FortiWeb" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiWeb, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Fortinet's website at https://www.fortinet.com/products/web-application-firewall/fortiweb.html.  Fortinet denies the remaining allegations of this paragraph.

### FortiMail

45.     Fortinet admits that it uses the marketing term "FortiMail" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiMail, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 27 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiMail."  Fortinet denies the remaining allegations of this paragraph.

### FortiSandbox

[Paragraph number omitted in Complaint]     Fortinet admits that it uses the marketing term "FortiSandbox" to describe some of its commercial product offerings.  To the extent that Finjan

purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSandbox, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibits 13 and 14 to the Complaint, which purport to be copies of Fortinet Data Sheets entitled "FortiSandbox," Exhibit 15 to the Complaint, which purports to be a copy of a Fortinet Administration Guide for FortiSandbox v1.2, and Exhibit 19 to the Complaint, which purports to be a copy of a Fortinet Administration Guide for FortiSandbox v2.5.0.  Fortinet denies the remaining allegations of this paragraph.

### FortiClient

46.     Fortinet admits that it uses the marketing term "FortiClient" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiClient, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 28 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiClient."  Fortinet denies the remaining allegations of this paragraph.

### FortiAnalyzer

47.     Fortinet admits that it uses the marketing term "FortiAnalyzer" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiAnalyzer, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 21 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiAnalyzer."  Fortinet denies the remaining allegations of this paragraph.

### FortiManager

48.     Fortinet admits that it uses the marketing term "FortiManager" to describe some of its commercial product offerings.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiManager, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Fortinet's website at https://www.fortinet.com/content/dam/fortinet/assets/data-sheets/FortiManager.pdf. Fortinet denies the remaining allegations of this paragraph.

**FortiSIEM**

49.     Fortinet admits that it uses the marketing term "FortiSIEM" to describe some of its commercial product offerings.   To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiSIEM, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 29 to the Complaint, which purports to be a copy of a Fortinet Data Sheet entitled "FortiSIEM."  Fortinet denies the remaining allegations of this paragraph.

**FortiCache**

50.     Fortinet admits that it uses the marketing term "FortiCache" to describe some of its commercial product offerings.   To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to FortiCache, Fortinet refers Finjan and the Court to the publications for their true and correct content, including, for example, Exhibit 24 to the Complaint, which purports to be a Fortinet Administration Guide for FortiCache v4.2.0,   and   Fortinet's   website   at   https://www.fortinet.com/content/dam/fortinet/assets/data-sheets/FortiCache.pdf.  Fortinet denies the remaining allegations of this paragraph.

**DEFENDANT'S WILLFUL INFRINGEMENT OF FINJAN'S PATENTS**

51.     Denied.

52.     Denied.

**COUNT I**

**(Direct Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(a))**

53.     Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 60 includes excerpts from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

61.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 61 includes excerpts from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

62.     Fortinet admits that copies of what purport to be Fortinet Data Sheets entitled "FortiSandbox" are attached to the Complaint as Exhibits 13 and 14, and that paragraph 62 includes excerpts from Exhibits 13 and 14.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

63.     To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

64.     Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox v1.2 Administration Guide" is attached to the Complaint as Exhibit 15, and that paragraph 64 includes excerpts from Exhibit 15.  Fortinet admits that a copy of what purports to be a website https://www.esg-global.com/validation/fortinet-advanced-threat-protection-framework-esgresearch-enterprise-strategy-group entitled "ESG Lab Validation: Fortinet Advanced Threat Protection Framework" is attached to the Complaint as Exhibit 16, and that paragraph 64 includes

1  excerpts from Exhibit 16.  To the extent that Finjan purports to excerpt, characterize, or summarize

2  Fortinet's and third-parties' marketing materials and publications relating to the Accused Products,

3  Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet

4  otherwise denies the remaining allegations of this paragraph.

5        65.      Denied.

6        66.      Denied.

7        67.      Denied.

8  **COUNT II**

9  **(Indirect Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(b))**

10        68.      Fortinet repeats and incorporates by reference its responses to the previous paragraphs

11  as if fully set forth herein.

12        69.      Denied.

13        70.      Fortinet admits that it provides instruction and information to its customers regarding

14  its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining

15  allegations of this paragraph.

16  **COUNT III**

17  **(Direct Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(a))**

18        71.      Fortinet repeats and incorporates by reference its responses to the previous paragraphs

19  as if fully set forth herein.

20        72.      Denied.

21        73.      Denied.

22        74.      Denied.

23        75.      Denied.

24        76.      Denied.

25        77.      Denied.

26        78.      Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

27  "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet

28  Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, a copy of what purports

to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 78 includes excerpts from Exhibits 13, 17, and 18.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

79.	Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 79 includes excerpts from Exhibits 13 and 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

80.	Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiGuard Security Services" is attached to the Complaint as Exhibit 20, and that paragraph 80 includes excerpts from Exhibit 20.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

81.	Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 81 includes excerpts from Exhibits 13 and 21.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

82.	Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiGate" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet Data

Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 82 includes excerpts from Exhibits 17-19. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

83.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiGuard Security Services" is attached to the Complaint as Exhibit 20, and that paragraph 83 includes excerpts from Exhibit 20. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

84.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 83 includes excerpts from Exhibit 21. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

85.     Denied.

86.     Denied.

87.     Denied.

## COUNT IV

### (Indirect Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(b))

88.     Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

89.     Denied.

90.     Denied.

91.     Fortinet admits that it provides instruction and information to its customers regarding its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining allegations of this paragraph.

<u>**COUNT V**</u>

**(Direct Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(a))**

92.     Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, and that paragraph 99 includes excerpts from Exhibits 17 and 18.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

100.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 100 includes excerpts from Exhibits 13 and 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

1    101.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

2   "FortiGuard Security Services" is attached to the Complaint as Exhibit 20, and that paragraph 101

3   includes excerpts from Exhibit 20.  To the extent that Finjan purports to excerpt, characterize, or

4   summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet

5   refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise

6   denies the remaining allegations of this paragraph.

7    102.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

8   "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet

9   Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 102

10  includes excerpts from Exhibits 13 and 21.  To the extent that Finjan purports to excerpt, characterize,

11  or summarize Fortinet's marketing materials and publications relating to the Accused Products,

12  Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet

13  otherwise denies the remaining allegations of this paragraph.

14   103.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

15  "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet

16  Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, and that paragraph 103

17  includes excerpts from Exhibits 17 and 18.  To the extent that Finjan purports to excerpt, characterize,

18  or summarize Fortinet's marketing materials and publications relating to the Accused Products,

19  Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet

20  otherwise denies the remaining allegations of this paragraph.

21   104.    Denied.

22   105.    Denied.

23   106.    Denied.

24                      **<u>COUNT VI</u>**

25          **(Indirect Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(b))**

26   107.    Fortinet repeats and incorporates by reference its responses to the previous paragraphs

27  as if fully set forth herein.

28   108.    Denied.

109.    Denied.

110.    Fortinet admits that it provides instruction and information to its customers regarding its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining allegations of this paragraph.

## COUNT VII

### (Direct Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a))

111.    Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Fortinet admits that a copy of what purports to be a Fortinet Product Matrix dated September 2018 is attached to the Complaint as Exhibit 22, a copy of what purports to be a Fortinet Data Sheet entitled "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, and that paragraph 118 includes excerpts from Exhibits 17, 18, and 22.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

119.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 119 includes excerpts from Exhibit 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

1    120.   Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

2   "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet

3   Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 120

4   includes excerpts from Exhibits 13 and 21.  To the extent that Finjan purports to excerpt, characterize,

5   or summarize Fortinet's marketing materials and publications relating to the Accused Products,

6   Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet

7   otherwise denies the remaining allegations of this paragraph.

8    121.   Denied.

9    122.   Denied.

10    123.   Denied.

11                        **COUNT VIII**

12           **(Indirect Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b))**

13    124.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

14   as if fully set forth herein.

15    125.   Denied.

16    126.   Denied.

17    127.   Fortinet admits that it provides instruction and information to its customers regarding

18   its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining

19   allegations of this paragraph.

20                        **COUNT IX**

21           **(Direct Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(a))**

22    128.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

23   as if fully set forth herein.

24    129.   Denied.

25    130.   Denied.

26    131.   Denied.

27    132.   Denied.

28    133.   Denied.

1        134.    Denied.

2        135.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

3  marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

4  Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

5  allegations of this paragraph.

6        136.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

7  "FortiGate 6000F Series" is attached to the Complaint as Exhibit 23, and that paragraph 136 includes

8  excerpts from Exhibit 23.  To the extent that Finjan purports to excerpt, characterize, or summarize

9  Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers

10  Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies

11  the remaining allegations of this paragraph.

12        137.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

13  "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 137 includes excerpts

14  from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

15  marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

16  Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

17  allegations of this paragraph.

18        138.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

19  "FortiSandBox" is attached to the Complaint as Exhibit 14, a copy of what purports to be a Fortinet

20  Administration Guide entitled "FortiSandbox v1.2 Administration Guide" is attached to the Complaint

21  as Exhibit 15, and that paragraph 138 includes excerpts from Exhibits 14 and 15.  To the extent that

22  Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications

23  relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true

24  and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

25        139.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

26  "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 139 includes excerpts

27  from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

28  marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

1    Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

2    allegations of this paragraph.

3        140.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

4    entitled "FortiSandbox v1.2 Administration Guide" is attached to the Complaint as Exhibit 15, and

5    that paragraph 140 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

6    characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

7    Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

8    Fortinet otherwise denies the remaining allegations of this paragraph.

9        141.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

10   entitled "FortiSandbox v1.2 Administration Guide" is attached to the Complaint as Exhibit 15, and

11   that paragraph 141 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

12   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

13   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

14   Fortinet otherwise denies the remaining allegations of this paragraph.

15       142.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

16   entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

17   24, and that paragraph 142 includes excerpts from Exhibit 24.  To the extent that Finjan purports to

18   excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

19   Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

20   content.  Fortinet otherwise denies the remaining allegations of this paragraph.

21       143.    Fortinet admits that a copy of what purports to be a document named

22   "FortSecPolicy.pdf" is attached to the Complaint as Exhibit 25, and that paragraph 143 includes

23   excerpts from Exhibit 25.  To the extent that Finjan purports to excerpt, characterize, or summarize

24   Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers

25   Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies

26   the remaining allegations of this paragraph.

27       144.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

28   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

1   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

2   allegations of this paragraph.

3       145.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

4   entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

5   24, and that paragraph 145 includes excerpts from Exhibit 24.  To the extent that Finjan purports to

6   excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

7   Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

8   content.  Fortinet otherwise denies the remaining allegations of this paragraph.

9       146.    Fortinet admits that a copy of what purports to be a copy of a Fortinet webpage,

10  http://kb.fortinet.com/kb/viewContent.do?externalId=FD37408&sliceId=1,   is   attached   to   the

11  Complaint as Exhibit 26, and that paragraph 146 includes excerpts from Exhibit 26.  To the extent that

12  Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications

13  relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true

14  and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

15      147.    Denied.

16      148.    Denied.

17      149.    Denied.

18                          **COUNT X**

19      **(Indirect Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(b))**

20      150.    Fortinet repeats and incorporates by reference its responses to the previous paragraphs

21  as if fully set forth herein.

22      151.    Denied.

23      152.    Denied.

24      153.    Fortinet admits that it provides instruction and information to its customers regarding

25  its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining

26  allegations of this paragraph.

27

28

**COUNT XI**

**(Direct Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(a))**

154.     Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 161 includes excerpts from Exhibits 13, 17, and 18.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

162.     Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 162 includes excerpts from Exhibits 13 and 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

163.     To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

1    Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

2    allegations of this paragraph.

3         164.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

4    "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet

5    Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 164

6    includes excerpts from Exhibits 13 and 21.  To the extent that Finjan purports to excerpt, characterize,

7    or summarize Fortinet's marketing materials and publications relating to the Accused Products,

8    Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet

9    otherwise denies the remaining allegations of this paragraph.

10        165.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

11   "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet

12   Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the

13   Complaint as Exhibit 19, a copy of what purports to be a Fortinet Data Sheet entitled "FortiMail" is

14   attached to the Complaint as Exhibit 27, and that paragraph 165 includes excerpts from Exhibits 13,

15   19, and 27.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

16   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

17   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

18   allegations of this paragraph.

19        166.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

20   "FortiClient" is attached to the Complaint as Exhibit 28, and that paragraph 166 includes excerpts

21   from Exhibit 28.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

22   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

23   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

24   allegations of this paragraph.

25        167.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

26   "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 167 includes excerpts

27   from Exhibit 21.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

28   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

168.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiOS" is attached to the Complaint as Exhibit 18, and that paragraph 168 includes excerpts from Exhibit 18. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

169.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSIEM" is attached to the Complaint as Exhibit 29, and that paragraph 169 includes excerpts from Exhibit 29. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

170.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

171.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 171 includes excerpts from Exhibit 13. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

172.    Denied.

173.    Denied.

174.    Denied.

1

<u>**COUNT XII**</u>

2

**(Indirect Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(b))**

3       175.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

4   as if fully set forth herein.

5       176.   Denied.

6       177.   Denied.

7       178.   Fortinet admits that it provides instruction and information to its customers regarding

8   its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining

9   allegations of this paragraph.

10

<u>**COUNT XIII**</u>

11

**(Direct Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(a))**

12       179.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

13   as if fully set forth herein.

14       180.   Denied.

15       181.   Denied.

16       182.   Denied.

17       183.   Denied.

18       184.   Denied.

19       185.   Denied.

20       186.   To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

21   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

22   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

23   allegations of this paragraph.

24       187.   Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

25   "FortiGate 400D" is attached to the Complaint as Exhibit 17, a copy of what purports to be a Fortinet

26   Data Sheet entitled "FortiOS 6.0" is attached to the Complaint as Exhibit 18, a copy of what purports

27   to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and

28   that paragraph 187 includes excerpts from Exhibits 13, 17, and 18.  To the extent that Finjan purports

1    to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

2    Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

3    content.  Fortinet otherwise denies the remaining allegations of this paragraph.

4            188.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

5    "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet

6    Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the

7    Complaint as Exhibit 19, and that paragraph 188 includes excerpts from Exhibits 13 and 19.  To the

8    extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and

9    publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications

10   for their true and correct content.   Fortinet otherwise denies the remaining allegations of this

11   paragraph.

12           189.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

13   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

14   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

15   allegations of this paragraph.

16           190.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

17   "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 190 includes excerpts

18   from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

19   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

20   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

21   allegations of this paragraph.

22           191.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled

23   "FortiAnalyzer" is attached to the Complaint as Exhibit 21, and that paragraph 191 includes excerpts

24   from Exhibit 21.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

25   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

26   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

27   allegations of this paragraph.

28

192.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 192 includes excerpts from Exhibits 13 and 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

193.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiMail" is attached to the Complaint as Exhibit 27, and that paragraph 193 includes excerpts from Exhibit 27.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

194.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

195.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox – Administration Guide Version 2.5.0" is attached to the Complaint as Exhibit 19, and that paragraph 195 includes excerpts from Exhibits 13 and 19.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

196.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiOS" is attached to the Complaint as Exhibit 18, and that paragraph 196 includes excerpts from

Exhibit 18.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

197.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 197 includes excerpts from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

198.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiAnalyzer" is attached to the Complaint as Exhibit 21, a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that paragraph 198 includes excerpts from Exhibits 15 and 21.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

199.    Fortinet admits that a copy of what purports to be a website, https://www.esg-global.com/validation/fortinet-advanced-threat-protection-framework-esgresearch-enterprise-strategy-group, entitled "ESG Lab Validation: Fortinet Advanced Threat Protection Framework" is attached to the Complaint as Exhibit 16, and that paragraph 199 includes excerpts from Exhibit 16.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's and third-parties' marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

200.    Denied.

201.    Denied.

202.    Denied.

1

**COUNT XIV**

2

**(Indirect Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(b))**

3   203.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

4   as if fully set forth herein.

5   204.   Denied.

6   205.   Denied.

7   206.   Fortinet admits that it provides instruction and information to its customers regarding

8   its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining

9   allegations of this paragraph.

10

**COUNT XV**

11

**(Direct Infringement of the '968 Patent pursuant to 35 U.S.C. § 271(a))**

12   207.   Fortinet repeats and incorporates by reference its responses to the previous paragraphs

13   as if fully set forth herein.

14   208.   Denied.

15   209.   Denied.

16   210.   Denied.

17   211.   Denied.

18   212.   Denied.

19   213.   Denied.

20   214.   Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

21   entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

22   24, and that paragraph 214 includes excerpts from Exhibit 24.  To the extent that Finjan purports to

23   excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

24   Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

25   content.  Fortinet otherwise denies the remaining allegations of this paragraph.

26   215.   Fortinet admits that a copy of what purports to be a Fortinet document entitled "Web

27   Filtering" is attached to the Complaint as Exhibit 30, and that paragraph 215 includes excerpts from

28   Exhibit 30.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

216.   Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit 24, and that paragraph 216 includes excerpts from Exhibit 24. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

217.   Fortinet admits that a copy of what purports to be a document named "FortinetFilterIDentity.pdf" is attached to the Complaint as Exhibit 31, and that paragraph 217 includes excerpts from Exhibit 31. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

218.   Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that paragraph 218 includes excerpts from Exhibit 15. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

219.   Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit 24, a copy of what purports to be a document named "Fortinet BlockAccess.pdf" is attached to the Complaint as Exhibit 32, and that paragraph 219 includes excerpts from Exhibits 24 and 32. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications

for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

220.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 14, and that paragraph 220 includes excerpts from Exhibit 14.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

221.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 221 includes excerpts from Exhibit 13.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

222.    Fortinet admits that a copy of what purports to be a website, https://www.esg-global.com/validation/fortinet-advanced-threat-protection-framework-esgresearch-enterprise-strategy-group, entitled "ESG Lab Validation: Fortinet Advanced Threat Protection Framework" is attached to the Complaint as Exhibit 16, and that paragraph 222 includes excerpts from Exhibit 16.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's and third-parties' marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

223.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

224.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

24, a copy of what purports to be a document named "Fortinet BlockAccess.pdf" is attached to the Complaint as Exhibit 32, and that paragraph 224 includes excerpts from Exhibits 24 and 32. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

225.    Fortinet admits that a copy of what purports to be a Fortinet Data Sheet entitled "FortiSandbox" is attached to the Complaint as Exhibit 13, and that paragraph 225 includes excerpts from Exhibit 13. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

226.    Fortinet admits that a copy of what purports to be a copy of a Fortinet webpage, http://kb.fortinet.com/kb/viewContent.do?externalId=FD37408&sliceId=1, is attached to the Complaint as Exhibit 26, and that paragraph 226 includes excerpts from Exhibit 26. To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content. Fortinet otherwise denies the remaining allegations of this paragraph.

227.    Denied.

228.    Denied.

229.    Denied.

## COUNT XVI

### (Indirect Infringement of the '968 Patent pursuant to 35 U.S.C. § 271(b))

230.    Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

231.    Denied.

232.    Denied.

233.     Fortinet admits that it provides instruction and information to its customers regarding its commercial offerings, including the Accused Products.  Fortinet otherwise denies the remaining allegations of this paragraph.

## COUNT XVII

### (Direct Infringement of the '731 Patent pursuant to 35 U.S.C. § 271(a))

234.     Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

235.     Denied.

236.     Denied.

237.     Denied.

238.     Denied.

239.     Denied.

240.     Denied.

241.     To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

242.     To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

243.     Fortinet admits that a copy of what purports to be a Fortinet document entitled "Web Filtering" is attached to the Complaint as Exhibit 30, and that paragraph 243 includes excerpts from Exhibit 30.  To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

1    244.    Fortinet admits that a copy of what purports to be a copy of a Fortinet webpage,

2    http://help.fortinet.com/fos50hlp/54/Content/FortiOS/fortigate-ipsecvpn-

3    54/IPsec_VPN_Concepts/VPN_Gateways.htm, is attached to the Complaint as Exhibit 33, and that

4    paragraph 244 includes excerpts from Exhibit 33.  To the extent that Finjan purports to excerpt,

5    characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

6    Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

7    Fortinet otherwise denies the remaining allegations of this paragraph.

8    245.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

9    entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

10   paragraph 245 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

11   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

12   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

13   Fortinet otherwise denies the remaining allegations of this paragraph.

14   246.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

15   entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

16   paragraph 246 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

17   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

18   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

19   Fortinet otherwise denies the remaining allegations of this paragraph.

20   247.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

21   entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

22   paragraph 247 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

23   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

24   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

25   Fortinet otherwise denies the remaining allegations of this paragraph.

26   248.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

27   entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

28   paragraph 248 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

1   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

2   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

3   Fortinet otherwise denies the remaining allegations of this paragraph.

4         249.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

5   entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

6   24, and that paragraph 249 includes excerpts from Exhibit 24.  To the extent that Finjan purports to

7   excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

8   Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

9   content.  Fortinet otherwise denies the remaining allegations of this paragraph.

10         250.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

11   marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

12   Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

13   allegations of this paragraph.

14         251.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

15   entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

16   paragraph 251 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

17   characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

18   Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

19   Fortinet otherwise denies the remaining allegations of this paragraph.

20         252.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

21   entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

22   24, and that paragraph 252 includes excerpts from Exhibit 24.  To the extent that Finjan purports to

23   excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

24   Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

25   content.  Fortinet otherwise denies the remaining allegations of this paragraph.

26         253.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

27   entitled "FortiSandbox v1.2 Administration Guide" is attached to the complaint as Exhibit 15, and that

28   paragraph 253 includes excerpts from Exhibit 15.  To the extent that Finjan purports to excerpt,

1    characterize, or summarize Fortinet's marketing materials and publications relating to the Accused

2    Products, Fortinet refers Finjan and the Court to the publications for their true and correct content.

3    Fortinet otherwise denies the remaining allegations of this paragraph.

4         254.    To the extent that Finjan purports to excerpt, characterize, or summarize Fortinet's

5    marketing materials and publications relating to the Accused Products, Fortinet refers Finjan and the

6    Court to the publications for their true and correct content.  Fortinet otherwise denies the remaining

7    allegations of this paragraph.

8         255.    Fortinet admits that a copy of what purports to be a copy of a Fortinet webpage,

9    https://cookbook.fortinet.com/creating-security-policies-60/, is attached to the Complaint as Exhibit

10    34, and that paragraph 255 includes excerpts from Exhibit 34.  To the extent that Finjan purports to

11    excerpt, characterize, or summarize Fortinet's marketing materials and publications relating to the

12    Accused Products, Fortinet refers Finjan and the Court to the publications for their true and correct

13    content.  Fortinet otherwise denies the remaining allegations of this paragraph.

14        256.    Fortinet admits that a copy of what purports to be a Fortinet Administration Guide

15    entitled "FortiCache – Administration Guide Version 4.2.0" is attached to the Complaint as Exhibit

16    24, a copy of what purports to be a document named "FortSecPolicy.pdf" is attached to the Complaint

17    as Exhibit 25, and that paragraph 256 includes excerpts from Exhibits 24 and 25.  To the extent that

18    Finjan purports to excerpt, characterize, or summarize Fortinet's marketing materials and publications

19    relating to the Accused Products, Fortinet refers Finjan and the Court to the publications for their true

20    and correct content.  Fortinet otherwise denies the remaining allegations of this paragraph.

21        257.    Fortinet admits that a copy of what purports to be a document named

22    "FortSecPolicy.pdf" is attached to the Complaint as Exhibit 25, and that paragraph 257 includes

23    excerpts from Exhibit 25.  To the extent that Finjan purports to excerpt, characterize, or summarize

24    Fortinet's marketing materials and publications relating to the Accused Products, Fortinet refers

25    Finjan and the Court to the publications for their true and correct content.  Fortinet otherwise denies

26    the remaining allegations of this paragraph.

27        258.    Denied.

28        259.    Denied.

Case No. 3:18-cv-06555-JD

FORTINET'S ANSWER TO COMPLAINT

260. Denied.

## COUNT XVIII

### (Indirect Infringement of the '731 Patent pursuant to 35 U.S.C. § 271(b))

261. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

262. Denied.

263. Denied.

264. Fortinet admits that it provides instruction and information to its customers regarding its commercial offerings, including the Accused Products. Fortinet otherwise denies the remaining allegations of this paragraph.

## PRAYER FOR RELIEF

Fortinet denies that Finjan is entitled to any judgment or relief.

## AFFIRMATIVE DEFENSES

265. Without admitting or acknowledging whether Fortinet bears the burden of proof as to any of the following defenses on which it would not otherwise bear the burden of proof, regardless of the following being identified as defenses, based on information and belief, Fortinet asserts the following affirmative and other defenses. Fortinet reserves the right to assert additional affirmative defenses as further information is obtained. By asserting the affirmative defenses below, Fortinet does not waive any unstated defenses. Fortinet reserves all available affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

266. Fortinet has not infringed, and is not infringing, any valid claim of the '844, '968, '822, '731, '633, '305, '086, '408, and '494 Patents, whether directly, literally, under the Doctrine of Equivalents, indirectly, contributorily, by inducement, or otherwise, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity of the '844 Patent)**

267.    The claims of the '844 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Accused Products.  For example, on information and belief, one or more claims of the '844 Patent are invalid for at least the same reasons as set forth in the invalidity contentions served on Finjan in the co-pending cases *Finjan v. Check Point Software Techs., Inc.*, No. 3-18-cv-02621 (N.D. Cal., filed May 3, 2018), *Finjan v. Juniper Network, Inc.*, No. 3-17-cv-05659 (N.D. Cal., filed Sep. 29, 2017), *Finjan v. SonicWall, Inc.*, No. 5-17-cv-04467 (N.D. Cal., filed Aug. 04, 2017), *Finjan v. ESET, LLC,* No. 3-17-cv-00183 (S.D. Cal., filed Jan. 30, 2017), and *Finjan v. Cisco Systems, Inc.*, No. 5-17-cv-00072 (N.D. Cal., filed Jan. 06, 2017), as well as in all terminated cases in which Finjan asserted the '844 Patent and received invalidity contentions.  Additionally, at least claims 1, 15, and 41 of the '844 Patent are invalid for the reasons set forth in Petitioner's petition filed in PTAB Case No. IPR2019-00026.  Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the Asserted Patents according to the appropriate schedule determined by the Court.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity of the '494 Patent)**

268.    The claims of the '494 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Accused Products.  For example, on information and belief, one or more claims of the '494 Patent are invalid for at least the same reasons as set forth in the invalidity

1    contentions served on Finjan in the co-pending cases *Finjan v. Rapid7, Inc.*, No. 1-18-cv-01519 (D.

2    Del., filed Oct. 1, 2018), *Finjan v. Check Point Software Techs., Inc.*, No. 3-18-cv-02621 (N.D. Cal.,

3    filed May 3, 2018), *Finjan v. Zscaler, Inc.*, No. 3-17-cv-06946 (N.D. Cal., filed Dec. 5, 2017), *Finjan*

4    *v. Juniper Network, Inc.*, No. 3-17-cv-05659 (N.D. Cal., filed Sep. 29, 2017), *Finjan v. Bitdefender*

5    *Inc.*, No. 4-17-cv-04790 (N.D. Cal., filed Aug. 16, 2017), *Finjan v. SonicWall, Inc.*, No. 5-17-cv-

6    04467 (N.D. Cal., filed Aug. 04, 2017), *Finjan v. Cisco Systems, Inc.*, No. 5-17-cv-00072 (N.D. Cal.,

7    filed Jan. 06, 2017), and *Finjan v. Palo Alto Networks, Inc.*, No. 4-14-cv-04908 (N.D. Cal., filed Nov.

8    04, 2014) , as well as in all terminated cases in which Finjan asserted the '494 Patent and received

9    invalidity contentions.  Additionally, claims 1-18 of the '494 Patent are invalid for the reasons set

10   forth in Petitioners' petitions filed in PTAB Case Nos. IPR2016-00159, IPR2016-01174, IPR2015-

11   01892, and IPR2016-00890.  Fortinet's investigation is ongoing, and thus Fortinet expressly reserves

12   the right to assert further and additional grounds for invalidity of the Asserted Patents according to the

13   appropriate schedule determined by the Court.

14                          **FOURTH AFFIRMATIVE DEFENSE**

15                          **(Invalidity of the '086 Patent)**

16           269.    The claims of the '086 Patent are invalid for failure to satisfy one or more of the

17   conditions of patentability set forth in Title 35 of the United States Code, including without limitation

18   35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

19   and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

20   invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

21   construed to cover any of the Accused Products.  For example, on information and belief, one or more

22   claims of the '086 Patent are invalid for at least the same reasons as set forth in the invalidity

23   contentions served on Finjan in the co-pending cases *Finjan v. Rapid7, Inc.*, No. 1-18-cv-01519 (D.

24   Del., filed Oct. 1, 2018), *Finjan v. Check Point Software Techs., Inc.*, No. 3-18-cv-02621 (N.D. Cal.,

25   filed May 3, 2018), and *Finjan v. ESET, LLC*, No. 3-17-cv-00183 (S.D. Cal., filed Jan. 30, 2017) , as

26   well as in all terminated cases in which Finjan asserted the '086 Patent and received invalidity

27   contentions.  Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert

28

1    further and additional grounds for invalidity of the Asserted Patents according to the appropriate

2    schedule determined by the Court.

3                        **FIFTH AFFIRMATIVE DEFENSE**

4                         **(Invalidity of the '633 Patent)**

5            270.    The claims of the '633 Patent are invalid for failure to satisfy one or more of the

6    conditions of patentability set forth in Title 35 of the United States Code, including without limitation

7    35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

8    and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

9    invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

10   construed to cover any of the Accused Products.  For example, on information and belief, one or more

11   claims of the '633 Patent are invalid for at least the same reasons as set forth in the invalidity

12   contentions served on Finjan in the co-pending cases *Finjan v. Check Point Software Techs., Inc.*, No.

13   3-18-cv-02621 (N.D. Cal., filed May 3, 2018), *Finjan v. Zscaler, Inc.*, No. 3-17-cv-06946 (N.D. Cal.,

14   filed Dec. 5, 2017), *Finjan v. Juniper Network, Inc.*, No. 3-17-cv-05659 (N.D. Cal., filed Sep. 29,

15   2017), *Finjan v. SonicWall, Inc.*, No. 5-17-cv-04467 (N.D. Cal., filed Aug. 04, 2017), *Finjan v. Cisco*

16   *Systems, Inc.*, No. 5-17-cv-00072 (N.D. Cal., filed Jan. 06, 2017), and *Finjan v. Palo Alto Networks,*

17   *Inc.*, No. 4-14-cv-04908 (N.D. Cal., filed Nov. 04, 2014) , as well as in all terminated cases in which

18   Finjan asserted the '633 Patent and received invalidity contentions.  Additionally, at least claims 1, 8,

19   14, and 19 of the '633 Patent are invalid for the reasons set forth in Petitioner's petition filed in PTAB

20   Case No. IPR2019-00060, and at least claims 1-4, 8, and 11-14 are invalid for the reasons set forth in

21   Petitioner's petition filed in PTAB Case No. IPR2018-00391.  Fortinet's investigation is ongoing, and

22   thus Fortinet expressly reserves the right to assert further and additional grounds for invalidity of the

23   Asserted Patents according to the appropriate schedule determined by the Court.

24                        **SIXTH AFFIRMATIVE DEFENSE**

25                         **(Invalidity of the '822 Patent)**

26           271.    The claims of the '822 Patent are invalid for failure to satisfy one or more of the

27   conditions of patentability set forth in Title 35 of the United States Code, including without limitation

28   35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

1  and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

2  invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

3  construed to cover any of the Accused Products.  For example, on information and belief, one or more

4  claims of the '822 Patent are invalid for at least the same reasons as set forth in the invalidity

5  contentions served on Finjan in the co-pending cases *Finjan v. SonicWall, Inc.*, No. 5-17-cv-04467

6  (N.D. Cal., filed Aug. 04, 2017) and *Finjan v. Palo Alto Networks, Inc.*, No. 4-14-cv-04908 (N.D.

7  Cal., filed Nov. 04, 2014) , as well as in all terminated cases in which Finjan asserted the '822 Patent

8  and received invalidity contentions.  Fortinet's investigation is ongoing, and thus Fortinet expressly

9  reserves the right to assert further and additional grounds for invalidity of the Asserted Patents

10  according to the appropriate schedule determined by the Court.

11  **SEVENTH AFFIRMATIVE DEFENSE**

12  **(Invalidity of the '305 Patent)**

13  272.    The claims of the '305 Patent are invalid for failure to satisfy one or more of the

14  conditions of patentability set forth in Title 35 of the United States Code, including without limitation

15  35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

16  and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

17  invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

18  construed to cover any of the Accused Products.  For example, on information and belief, one or more

19  claims of the '305 Patent are invalid for at least the same reasons as set forth in the invalidity

20  contentions served on Finjan in the co-pending cases *Finjan v. Rapid7, Inc.*, No. 1-18-cv-01519 (D.

21  Del., filed Oct. 1, 2018), *Finjan v. Zscaler, Inc.*, No. 3-17-cv-06946 (N.D. Cal., filed Dec. 5, 2017),

22  *Finjan v. Juniper Network, Inc.*, No. 3-17-cv-05659 (N.D. Cal., filed Sep. 29, 2017), *Finjan v.

23  SonicWall, Inc.*, No. 5-17-cv-04467 (N.D. Cal., filed Aug. 04, 2017), and *Finjan v. ESET, LLC*, No. 3-

24  17-cv-00183 (S.D. Cal., filed Jan. 30, 2017), as well as in all terminated cases in which Finjan

25  asserted the '305 Patent and received invalidity contentions.  Additionally, claims 1-25 of the '305

26  Patent are invalid for the reasons set forth in Petitioner's petition filed in PTAB Case No. IPR2017-

27  01738.  Additionally, claims 1, 2, 5, and 13 of the '305 Patent are invalid for at least the reasons set

28  forth by the U.S. Patent & Trademark Office ("USPTO") in the *ex parte* reexamination with

1   Reexamination Control No. 90/013,660.  Fortinet's investigation is ongoing, and thus Fortinet

2   expressly reserves the right to assert further and additional grounds for invalidity of the Asserted

3   Patents according to the appropriate schedule determined by the Court.

4                          **EIGHTH AFFIRMATIVE DEFENSE**

5                           **(Invalidity of the '408 Patent)**

6         273.    The claims of the '408 Patent are invalid for failure to satisfy one or more of the

7   conditions of patentability set forth in Title 35 of the United States Code, including without limitation

8   35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

9   and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

10  invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

11  construed to cover any of the Accused Products.  For example, on information and belief, one or more

12  claims of the '408 Patent are invalid for at least the same reasons as set forth in the invalidity

13  contentions served on Finjan in the co-pending cases *Finjan v. Rapid7, Inc.*, No. 1-18-cv-01519 (D.

14  Del., filed Oct. 1, 2018), *Finjan v. Juniper Network, Inc.*, No. 3-17-cv-05659 (N.D. Cal., filed Sep. 29,

15  2017), *Finjan v. SonicWall, Inc.*, No. 5-17-cv-04467 (N.D. Cal., filed Aug. 04, 2017), and *Finjan v.

16  Palo Alto Networks, Inc.*, No. 4-14-cv-04908 (N.D. Cal., filed Nov. 04, 2014) , as well as in all

17  terminated cases in which Finjan asserted the '408 Patent and received invalidity contentions.

18  Fortinet's investigation is ongoing, and thus Fortinet expressly reserves the right to assert further and

19  additional grounds for invalidity of the Asserted Patents according to the appropriate schedule

20  determined by the Court.

21                          **NINTH AFFIRMATIVE DEFENSE**

22                          **(Invalidity of the '968 Patent)**

23        274.    The claims of the '968 Patent are invalid for failure to satisfy one or more of the

24  conditions of patentability set forth in Title 35 of the United States Code, including without limitation

25  35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

26  and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

27  invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

28  construed to cover any of the Accused Products.  For example, on information and belief, one or more

1   claims of the '968 Patent are invalid for at least the same reasons as set forth in the invalidity

2   contentions served on Finjan in the co-pending cases *Finjan v. Check Point Software Techs., Inc.*, No.

3   3-18-cv-02621 (N.D. Cal., filed May 3, 2018), *Finjan v. SonicWall, Inc.*, No. 5-17-cv-04467 (N.D.

4   Cal., filed Aug. 04, 2017), and *Finjan v. Palo Alto Networks, Inc.*, No. 4-14-cv-04908 (N.D. Cal., filed

5   Nov. 04, 2014) , as well as in all terminated cases in which Finjan asserted the '968 Patent and

6   received invalidity contentions.  Fortinet's investigation is ongoing, and thus Fortinet expressly

7   reserves the right to assert further and additional grounds for invalidity of the Asserted Patents

8   according to the appropriate schedule determined by the Court.

9                           **TENTH AFFIRMATIVE DEFENSE**

10                          **(Invalidity of the '731 Patent)**

11          275.    The claims of the '731 Patent are invalid for failure to satisfy one or more of the

12   conditions of patentability set forth in Title 35 of the United States Code, including without limitation

13   35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by,

14   and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented

15   invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly

16   construed to cover any of the Accused Products.  For example, on information and belief, one or more

17   claims of the '731 Patent are invalid for at least the same reasons as set forth in the invalidity

18   contentions served on Finjan in the co-pending cases *Finjan v. Check Point Software Techs., Inc.*, No.

19   3-18-cv-02621 (N.D. Cal., filed May 3, 2018), *Finjan v. Juniper Network, Inc.*, No. 3-17-cv-05659

20   (N.D. Cal., filed Sep. 29, 2017), and *Finjan v. Palo Alto Networks, Inc.*, No. 4-14-cv-04908 (N.D.

21   Cal., filed Nov. 04, 2014) , as well as in all terminated cases in which Finjan asserted the '731 Patent

22   and received invalidity contentions.  Fortinet's investigation is ongoing, and thus Fortinet expressly

23   reserves the right to assert further and additional grounds for invalidity of the Asserted Patents

24   according to the appropriate schedule determined by the Court.

25                          **ELEVENTH AFFIRMATIVE DEFENSE**

26                          **(Prosecution History Estoppel)**

27          276.    The relief sought by Finjan is barred under the doctrine of prosecution history estoppel.

28   Finjan is estopped, based on the amendments, arguments, statements, representations, admissions, or

omissions during the prosecution of the patents applications or any related provisional or non-provisional applications, made with respect to the scope of the invention and asserted claims and disclosure of the prior art, and upon which the examiners at the United States Patent and Trademark Office relied in the allowance of the claims of the Finjan Asserted Patents (the '844 Patent, the '494 Patent, the '086 Patent, the '633 Patent, the '822 Patent, the '305 Patent, the '408 Patent, the '968 Patent, and the '731 Patent), from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Fortinet.

277.   For example, the patentee distinguished the '844 Patent from prior art on the ground that the claim invention generates or links the Downloadable security profile to a Downloadable "before the web server makes the Downloadable security profile available to web clients." Accordingly, Finjan is estopped from arguing that the phrase "before a web server makes the Downloadable available to web clients" applies to any server other than the one on which the Downloadable is deployed.  That is, the "web server" required in all asserted claims of the '844 Patent must be the specific web server on which the Downloadable was deployed and from which the Downloadable it is sought to be retrieved over the Internet.  As described in the '844 Patent and Finjan's statements during prosecution of the '844 Patent, the Downloadable security profile is linked by the inspector to the Downloadable before it is deployed to the web server, i.e., "before a web server makes the Downloadable available to a web client."  In particular, in overcoming the Examiner's rejection based on a prior art reference, Ji, Finjan explained that "Ji teaches a method performed on a network gateway" and therefore the analysis was not done "before the web server makes the Downloadable security profile available to web clients." *See* Amendment and Response filed May 16, 2000 in Serial No. 08/995,648 at 5-6.  Finjan thus explained that a network gateway is different than the claimed "web server."  Finjan further argued that in "Ji's system, the burden of examining a Downloadable for the suspicious code is always on the network gateway, and must be done every time. In Applicant's system, some of the burden may be transferred to the inspector, and generation of the Downloadable security profile may be performed only once." *Id.*  Thus, Finjan distinguished Ji by explaining that the '844 Patent performed the analysis only once (i.e. at the inspector) before the Downloadable was deployed.  *See also* '844 Patent at Fig 6; 8:36-9:18.  Accordingly, Finjan is

estopped from arguing that the claims of the '844 Patent apply to Downloadables other than those deployed on the web server described in the '844 Patent, and is estopped from arguing that those methods apply to Downloadables after they are deployed.

278.    As another example, with respect to the '305 Patent, Finjan is estopped from arguing that the "network interface" required by the asserted claims covers software, as opposed to hardware as described in the '305 Patent.  Claim 1 of the '305 Patent refers to the network interface as being "housed within a computer" whereas the database of parser and analyzer rules is "stored within the computer."  Those of ordinary skill in the art at the time of the '305 Patent would have understood that the expression "housed within the computer" refers to hardware.  Throughout the specification and claims, the only element referred to as being "housed within the computer" is the "network interface."  *See* '305 Patent at Abstract, 2:37-52, Claim 1.  The prosecution history for the '305 Patent confirms that the Examiner shared this view.  For example, in the Non-Final Office Action dated September 5, 2008 in Serial No. 11/009,437 at 2, the Examiner rejected the pending claims as anticipated by U.S. Patent No. 5,987,611 to Freund ("Freund"), which discloses that the "system hardware" includes "a network interface card or controller 111 (e.g., Ethernet)."  Freund at 7:31, 7:41.  Finjan never traversed the Examiner's position that Freund disclosed the claimed network interface, but instead distinguished the purported invention on other grounds.  *See also* Final Rejection dated January 13, 2009 at 4 and Amendment and Response to Office Action under 37 C.F.R. § 1.111 filed February 17, 2009 in Serial No. 11/009,437 at 10.

279.    As yet another example, Finjan distinguished the '086 Patent from the prior art on the ground that an "alteration" or "instrumentation" to "disable suspicious operations" was not the same as the claimed appended "list of suspicious operations in the form of a security profile to a Downloadable, for a receiver thereof to decide how to respond thereto."  Additionally, with respect to the '086 Patent, Finjan is estopped from arguing that the '086 Patent is entitled to the filing date of the '639 provisional application because Finjan filed a request for non-publication that certified that the purported invention of the '086 Patent had not and would not be the subject of a foreign patent.  However, EP0965094B1, which is based on the '639 provisional application, is directed to the invention disclosed in the '086 Patent.  Finjan and its attorneys knew of this European patent when the

1   request for non-publication was filed for the application that matured as the '086 Patent on May 26,

2   2009. Accordingly, the certification in the nonpublication request was fraudulent, rendering the '086

3   Patent unenforceable, and/or Finjan is estopped from arguing that the '639 provisional application

4   provides written description support for the purported invention of the '086 Patent. In addition, Finjan

5   is estopped from contesting that the '086 Patent expired on January 29, 2017, by operation of its

6   Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. §§ 119 and 120 for the

7   Benefit of a Prior-Filed Applications Pursuant to 37 C.F.R. § 1.78, filed September 1, 2016 in Serial

8   No. 12/471,942, which includes a priority claim to U.S. application Serial No. 08/790,097, filed

9   January 29, 1997. As reflected in the prosecution history for the '086 Patent, that Petition was

10   accepted September 21, 2016.

11        280.   As additional examples, Finjan distinguished the claims of the '731 Patent during

12   prosecution from prior art on the ground that the claims invented inserting "special code 'before and

13   after each problematic instruction"; stated during prosecution of the '633 Patent that, rather than

14   describing the "packaging of protection code," the prior art described " a situation whereby a security

15   monitor is already resident on a client computer, . . . without concerning itself as to how the security

16   the monitor was installed"; and with respect to the '494 Patent, agreed to a terminal disclaimer over

17   the '086 Patent, the '633 Patent, the '731 Patent, U.S. Patent No. 6,480,962, U.S. Patent No.

18   6,167,520, U.S. Patent No. 6,804,780, U.S. Patent No. 6,092,194, and U.S. Patent 7,613,926, and also

19   submitted a declaration pursuant to 37 C.F.R. §131 in which the inventor declared that the alleged

20   invention of the '494 Patent was embodied in Finjan's SurfinGate product. Accordingly, Finjan is

21   estopped under the doctrine of prosecution history estoppel from taking contradictory positions in this

22   action.

23   **TWELFTH AFFIRMATIVE DEFENSE**

24   **(Inequitable Conduct)**

25   **Inequitable Conduct With Respect To The '494 Patent:**

26        281.   The '494 Patent is unenforceable for inequitable conduct occurring during its

27   prosecution, including, among other misconduct, false statements made to the USPTO regarding the

28   conception and inventorship of the '494 Patent.

282.    The '494 Patent names four individuals as inventors: Yigal Mordechai Edery; Nirmrod Itzhak Vered; David R. Kroll, and Shlomo Touboul.  It purports to claims priority, through a long series of continuations, continuations-in-part, and provisional applications, to a provisional application filed on November 8, 1996, No. 60/030,639 (the "'639 application").

283.    Together with the filing of the application that issued as the '494 Patent, a Declaration was submitted, stating that "I hereby declare that . . . I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the Invention entitled MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS" filed on May 17, 2001, with application number 09/881,229.   That application eventually issued as U.S. Patent No. 7,058,822, and contains a specification that is substantially identical to that of the '494 Patent.  The declaration was signed by all four named inventors.

284.    During prosecution of the application that issued as the '494 Patent, the USPTO on January 7, 2013 issued a Final Office Action rejecting all pending claims over U.S. Patent No. 5,983,348 to Ji.

285.    In response, on May 5, 2013 Finjan submitted a declaration from one named inventor, Shlomo Touboul. ("Touboul Declaration").  Inventors owe a duty of candor to the USPTO.  In the Touboul Declaration, Mr. Touboul declared under penalty of perjury that "claims 1, 3, 4-6, 9, 10, 12-15 and 18" were his "sole invention," and that "my sole invention was in my mind and developed by at least November 18, 1996."  According to Mr. Touboul, he had developed this "prior to September 10, 1997, which is the filing date of U.S. Patent No. 5,983,348 to Ji ('the '348 patent')."  He further declared that "all statements herein of my own knowledge are true."

286.    The then-pending claims 10, 14, and 15 were among those identified by Mr. Touboul as his "sole invention."  The then pending claims 10, 14, and 15 were identical to claims 10, 14, and 15 of the '494 Patent.

287.    The Examiner allowed the claims on the basis of the Touboul Declaration, stating that "The Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. 5,983,348 reference."

288.     On information and belief, Finjan's discovery responses in other lawsuits involving the '494 Patent include admissions regarding the conception and inventorship of the '494 Patent showing that the Touboul Declaration was false.  For example, on information and belief and based on publicly available filings, Finjan served Supplemental Interrogatory Responses in its lawsuit against Symantec, *Finjan v. Symantec Corp*., No. 4-14-cv-02998 (N.D. Cal., terminated Mar. 5, 2018), in which it stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul were involved with, and may have knowledge related to the conception and reduction to practice of the '494 Patent."   On information and belief, in its Requests for Admission, Symantec sought admissions that each named inventor "contributed to the conception of the asserted independent claims of the '926 and '494 patents."  On information and belief, Finjan admitted these Requests, stating that "Finjan admits that Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaborated as a group on the invention set forth in the '926 and '494 Patent."  On information and belief, in another interrogatory response served by Finjan to Symantec, Finjan stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaboratively conceived of the inventions disclosed in the '926 and '494 Patents."   On information and belief, Finjan's discovery responses in the Symantec lawsuit are consistent with other discovery responses in other cases involving the '494 Patent.  *See, e.g.*, *Finjan, Inc. v. SonicWall, Inc.*, Case No. 5:17-cv-04467-BLF, Dkt. No. 74, at ¶ 255 (Plaintiff Finjan, Inc.'s Objections and Responses to Defendant SonicWall Inc.'s First Set of Interrogatories (Nos. 1-8), dated April 30, 2018) (stating "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul were involved with, and may have knowledge related to the conception and reduction to practice of the '494 Patent."); *Finjan, Inc. v. Cisco Systems, Inc.*, Case No. 5:17-cv-00072-BLF-SVK, Dkt. No. 147, at ¶ 169 (Plaintiff Finjan, Inc.'s Objections and Responses to Defendant Cisco Systems, Inc.'s First Set of Interrogatories (Nos. 1-13), dated July 14, 2017) (same); *Finjan, Inc. v. Cisco Systems, Inc*., Case No. 5:17-cv-00072-BLF-SVK, Dkt. No. 147, at ¶ 169 (Plaintiff Finjan, Inc.'s First Supplemental Responses to Defendant Sophos Inc.'s First Set of Interrogatories (Nos. 1, 2, 3, 4, 5, 7, and 8) served in *Finjan Inc. v. Sophos Inc*., Case No. 14-v-1197-WHO) (same).

289.     None of the inventors, other than Mr. Touboul, were employed by Finjan before 1998.

290.    On information and belief, in other lawsuits involving the '494 Patent, inventors other than Mr. Touboul confirmed that they contributed to the conception of the concept set forth in the independent claims of the '494 patent, and were also inventors.  For instance, on information and belief, David Kroll testified at deposition that he came up with the "concept that led to the '494 patent" during the time of his employment at Finjan, beginning in February of 1999.

291.    On information and belief, as set forth in Finjan's discovery responses in at least the Symantec lawsuit, Mr. Touboul's statements in the Touboul Declaration were false.  Mr. Touboul was not the sole inventor of the asserted claims of the '494 Patent, as he claimed.  Rather, as Finjan has stated, "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaborated as a group on the invention set forth in the '926 and '494 Patent."  Accordingly, Mr. Touboul could not have completed conception of the asserted claims of the '494 Patent prior to the 1997 filing date of U.S. Patent No. 5,983,348 as he claimed, but rather conception could not have been complete until Mr. Kroll joined Finjan in 1999, at the earliest.

292.    Accordingly, Mr. Touboul's intentional misrepresentation that he was the "sole" inventor of certain claims allowed Mr. Touboul to falsely assert that those claims were entitled to an earlier priority date of no later than November 18, 1996, despite the fact that the other inventors listed on the '494 Patent application had not all started working for Finjan until well after November 1996.

293.    Mr. Touboul's false statements during prosecution of the '494 patent were material to the patentability of the '494 Patent.  The Examiner expressly stated that the rejection was withdrawn in reliance on the Touboul Declaration's misrepresentation that he was the sole inventor and conception of the claims asserted in this case occurred before September 10, 1997.  That statement was false—the asserted claims of the '494 patent were conceived collaboratively by all four named inventors.  Therefore, if Mr. Touboul had not falsely stated he was the solve inventor of the asserted claims of the '494 Patent, he could not have claimed to have conceived of the invention of the claims asserted in this case prior to September 10, 1997.  That is because none of his co-inventors were yet employed by Finjan at that time.  In other words, the Examiner would not have withdrawn the rejection over U.S. Patent No. 5,983,348 based on the claimed earlier conception date if Mr. Touboul had told the truth that he had collaboratively conceived of the inventions set forth in the 494 with

employees who joined Finjan in 1998 or 1999.  Mr. Touboul's misrepresentations were also material because they constitute unmistakably false affidavits.

294.     Upon information and belief, Mr. Touboul made these false statements with the specific intent to deceive the USPTO, knowing the Examiner would credit those statements, as Inventors owe a duty of candor to the PTO and the PTO cannot verify the technical accuracy of the representations made by Inventors.  As stated by Finjan, Mr. Touboul "collaboratively conceived" of the inventions set forth in the '494 Patent with the other named inventors of the '494 Patent, and therefore he knew or should have known that the statements he was making regarding being a sole inventor of the subject matter of the asserted claims of the '494 Patent were false.

295.     The foregoing facts constitute inequitable conduct that renders the '494 Patent unenforceable, as summarized below:

- WHO:  Purported inventor Mr. Shlomo Touboul; Finjan's patent prosecutor Ms. Dawn-Marie Bey.

- WHAT:  Mr. Touboul's false representation that he was the sole inventor of the claims of the '494 Patent as of no later than November 18, 1996.

- WHERE:  Declaration Of Prior Invention In The United States To Overcome Cited Patent Or Publication (37 C.F.R. § 131).

- WHEN:  May 7, 2013.

- WHY:  The Ji prior art was material prior art.  The USPTO would not have issued the '494 Patent but for Mr. Touboul's declaration that backdated his invention in order to overcome Ji's status as prior art.  Mr. Touboul intentionally misrepresented material fact in order to ensure that the '494 Patent would be granted.

- HOW:  Mr. Touboul falsely represented that he was the sole inventor of certain claims in order to avoid the constraint that the other inventors listed in the '494 Patent application had not even started working for Finjan until years after the claimed date of conception.

296.     Fortinet's investigation is ongoing and discovery has yet to commence in this action.  Thus Fortinet expressly reserves the right to assert further and additional facts relating to Finjan's

1    inequitable conduct with respect to the '494 Patent according to the appropriate schedule determined

2    by the Court

3    **Inequitable Conduct With Respect To The '086 Patent:**

4    297.    The '086 patent issued from U.S. Application No. 12/471,942 ("the '942 application").

5    The '942 application claims priority in part to U.S. Application No. 08/964,388 ("the '388

6    application") which matured into U.S. Patent No. 6,092,194 ("the '194 patent"). The '194 patent

7    claims priority to U.S. provisional patent application Serial No. 60/030,639 ("the '639 provisional

8    application"). The EP 094 patent, which was filed November 6, 1997, also claims priority to the '639

9    provisional application.

10   298.    The EP 094 patent was subject to a requirement of publication at eighteen months after

11   filing.

12   299.    On May 26, 2009, Finjan filed a Nonpublication Request Under 35 U.S.C. §

13   122(b)(2)(B)(i) during the prosecution of the '942 application.

14   300.    The Nonpublication Request, signed by Mr. Eric L. Sophir, required Mr. Sophir and

15   Finjan to "certify the invention disclosed in the attached application has not and will not be the subject

16   of an application filed in another country, or under a multilateral international agreement, that requires

17   publication at eighteen months after filing."

18   301.    At no time did Finjan withdraw the Nonpublication Request.

19   302.    On May 26, 2009, Mr. Sophir also filed a Preliminary Amendment in the '942

20   application. As part of the Preliminary Amendment, Finjan cancelled pending claims 1-76 and

21   submitted new claims 77-136. Finjan further stated that "no new matter has been added." The new

22   claims had already been subject to Examination in application serial no. 11/370,114 and were the

23   subject of a February 2009 Office Action in that matter. As part of the February 2009 Office Action,

24   the Examiner had rejected application claims 77-136 based on U.S. Patent No. 5,983,348 ("Ji '348").

25   Finjan responded that "Ji is not Admissible Prior Art" and explained that Ji "has a priority date of

26   September 10, 1997" but "the claimed invention is supported in the priority document of November 8,

27   1996 [the '639 provisional application]." Application claim 95, filed in a May 26, 2009 Preliminary

28

Amendment accompanying the '388 application, issued as claim 1 of the '086 patent without amendment.

303.    The foregoing allegations regarding commission of inequitable conduct regarding the prosecution of the '086 patent are summarized in the following allegations:

- WHO: As alleged above Mr. Sophir and Finjan knowingly and intentionally filed a fraudulent Nonpublication Request.

- WHAT: As alleged above, Mr. Sophir and Finjan misled the Patent Office and breached their duty of candor by deliberately, knowingly, and intentionally misrepresenting to the Patent Office that the alleged inventions of the '086 patent had not been the subject of an application filed in another country with a requirement of publication at eighteen months. On the very same day that Finjan sought nonpublication of the '942 application, it told the Examiner that Ji '348 did not qualify as prior art because the pending claims allegedly were supported by the '639 provisional application filed on November 6, 1997. But the same provisional application was used as the specification for the EP 094 patent and, therefore, if the claims were in fact supported by the specification, then the inventions disclosed in the '086 patent had already been disclosed in an application filed in another country.

- WHERE / WHEN: Finjan's May 26, 2009 Nonpublication Request and May 26, 2009 Preliminary Amendment.

- WHY: Upon information and belief, Finjan sought nonpublication of its application so that its competitors could not learn of the pendency of that application and accordingly could not submit prior art challenging the claims of that application under the Patent Office rules applicable at that time.

- HOW: As alleged above, Mr. Sophir and Finjan misled the Patent Office and breached their duty of candor by deliberately, knowingly, and intentionally misrepresenting to the Patent Office that the alleged inventions of the '086 patent had not been the subject of an application filed in another country with a requirement of publication at eighteen months. By the terms of the nonpublication request, had Finjan subsequently filed an

application directed to the alleged inventions disclosed in the '942 application without notifying the Patent Office, the '086 application would be abandoned. The fact that Finjan had previously filed an application directed to the alleged inventions disclosed in the '942 application renders that application abandoned and the resulting '086 patent unenforceable.

304. Fortinet's investigation is ongoing and discovery has yet to commence in this action. Thus Fortinet expressly reserves the right to assert further and additional facts relating to Finjan's inequitable conduct with respect to the '494 Patent according to the appropriate schedule determined by the Court.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands and/or Inequitable Conduct)**

305. Finjan's claims are barred, in whole or in part, under the doctrine of unclean hands, including its claims based on at least the '494, '822, '633, and '086 Patents, because one or more of Finjan, the named inventors on those patents, their attorneys, representatives, predecessors-in-interest, and/or other persons with a duty of candor to the USPTO has unclean hands on account of violations of the duty of candor to the USPTO and misrepresentations of material fact to the USPTO.

306. For example, Finjan has a history of petitioning for an allegedly "unintentionally" delayed claim of priority after its patents under examination have been rejected over prior art that predates the filing of the respective patent but post-dates the belatedly claimed priority document. Accordingly, Finjan has, on multiple occasions, waited to see if a patent would be granted or validated with a later priority date (in order to gain the benefit of a later expiration date), and only when it appeared that the patent may not be granted or validated in view of particular prior art did Finjan seek to correct its delayed priority claim in order to try to moot the asserted prior art (in order to maintain the validity of its patent).

307. As an example, on June 22, 2015, Finjan filed a patent application that ultimately matured into the '633 Patent. The original application for the '633 Patent contained in its specification a long chain of claimed priority, with the earliest claim to priority of a non-provisional application that issued as U.S. Patent No. 6,804,780 ("the '780 Patent"), filed on March 30, 2000. On

January 12, 2010, the USPTO issued the '633 Patent with the claimed chain of priority still extending no earlier than the filing of the '780 Patent on March 30, 2000.  After the '633 Patent issued, on October 7, 2013, an *ex parte* reexamination was filed against the '633 Patent, which was assigned Reexamination Control No. 90/013,016.  On November 19, 2013, the USPTO rejected certain claims of the '633 Patent as obvious over U.S. Patent No. 5,938,348 ("Ji") in combination with U.S. Patent No. 6,058,482 ("Liu"), which was filed on May 22, 1998, and separately with U.S. Patent No. 5,974,549 ("Golan"), which was filed on March 27, 1997.  On February 19, 2014—more than four years after the '633 Patent was issued—Finjan, through its patent attorney Ms. Dawn-Marie Bey, filed a "Petition to Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78" in which it petitioned the USPTO to include priority claims to U.S. Patent No. 6,092,194, filed on November 6, 1997, and U.S. Patent No. 6,167,520, filed on January 29, 1997—which could have antedated the Ji, Liu, and Golan references.  In Finjan's petition, Ms. Bey stated and represented to the USPTO that "[t]he entire delay between the date a correctly worded benefit claim was due under paragraph (a)(5)(ii) of 37 C.F.R. § 1.78 and the correctly worded benefit claim was filed was unintentional."  On information and belief, Finjan intentionally delayed properly claiming priority in the '633 Patent so that the '633 Patent might benefit from a later expiration date unless an earlier priority date appeared necessary to overcome prior art.  Accordingly, on information and belief, Finjan and its representative, Ms. Bey, misrepresented a material fact to the USPTO and violated their duty of candor to the USPTO in representing that the delayed claim of priority in the '633 Patent was "unintentional."

308.    On July 25, 2014, the USPTO issued a "Decision Dismissing Petition To Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78" in which it dismissed the February 19, 2014 petition "for the sole reason that it contains a typographical error."  On August 25, 2014, Finjan through its patent attorney, Ms. Bey, filed a "Renewed Petition To Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78" in which they corrected the typographical error and again represented that "[t]he entire delay between the date the claim was due…and the date this claim was first filed was unintentional."  Accordingly, on information and belief, Finjan and its representative, Ms. Bey, repeated their misrepresentation of material fact to the USPTO and again

violated their duty of candor to the USPTO in again representing that the delayed claim of priority in the '633 Patent was "unintentional."

309.   On January 23, 2015, the USPTO granted Finjan's "Renewed Petition to Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78."  Notwithstanding the USPTO's acceptance of the delayed claim of priority, on May 22, 2015, the USPTO issued a final rejection in *ex parte* reexamination no. 90/013,016.  In the final rejection, the Examiner found, *inter alia*, that the claims under examination "are considered to not be adequately supported by the disclosure of the 6,092,194 and 6,167,520 patents . . . ."  Thus, the late claim of priority was, in fact, unsupported, and priority could not have ever been properly claimed.

310.   Another example of Finjan delaying claims of priority in the hope of deferring expiration unless the priority claim appears necessary to validate the patent relates to the '822 Patent. The original application for the '822 Patent contained in its specification a priority claim from provisional application number 60/205,591 (filed May 17, 2000), and also a priority claim as a continuation-in-part to application number 09/551,302 (filed April 18, 2000).  On June 6, 2006, the '822 Patent issued.  On its face, the '822 Patent issued with the same claim to priority.  On October 7, 2013, an *ex parte* reexamination was filed against the '822 Patent, which was assigned Reexamination Control No. 90/013,017.  On December 6, 2013, the USPTO instituted *ex parte* reexamination and issued a rejection of certain claims of the '822 Patent over combinations of references including U.S. Patent No. 6,058,482 ("Liu"), filed May 22, 1998, and U.S. Patent No. 5,974,549 ("Golan"), filed March 27, 1997.  On March 6, 2014—nearly eight years after the '822 Patent was issued and nearly thirteen years after the '822 Patent application was filed— Finjan filed a "Petition to Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78."  The Petition sought to add claims of priority to the '194 Patent, filed November 6, 1997, and U.S. Patent No. 6,167,520 (the "'520 Patent"), filed January 29, 1997—which could have antedated the Liu and Golan references.  Finjan's petition stated, "The entire delay between the date a correctly worded benefit claim was due . . . and the date the correctly worded benefit claim was unintentional."  On information and belief, Finjan intentionally delayed properly claiming priority in the '822 Patent so that the '822 Patent might benefit from a later expiration date unless an earlier priority date appeared necessary to overcome

prior art.  Accordingly, on information and belief, Finjan through its representative, Ms. Bey, misrepresented a material fact to the USPTO and violated their duty of candor to the USPTO in representing that the delayed claim of priority of the '822 Patent was "unintentional."

311.    Notwithstanding the USPTO's acceptance on July 25, 2014 of Finjan's delayed claim of priority in its "Decision Granting Petition to Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78(e)," on September 8, 2014, the USPTO issued a final rejection in *ex parte* reexamination no. 90/013,017.  In the final rejection, the Examiner found, *inter alia*, "[t]he Priority documents US Patent[s] 6,092,194 and 6,167,520 do not describe" the challenged claims of the '822 Patent in sufficient detail to meet the written description requirement.  Thus, the late claim of priority was, in fact, unsupported, and priority could not ever have been properly claimed.

312.    The '494 and '086 Patents claim priority through the '822 Patent.  Since the '494 and '086 Patents expire sooner if their priority dates are extended further back in time, on information and belief, Finjan intentionally delayed properly claiming priority in the '822 Patent so that the '822 Patent and its progeny—including the '494 and '086 Patents—might benefit from a deferred expiration date.  Finjan wrongly asserted to the USPTO that its delayed claims were unintentional, which has enabled Finjan to assert the '494 and '086 Patents against Fortinet, where those claims otherwise would have already been invalidated.

313.    Finjan's repeated misrepresentations to the USPTO regarding purportedly "unintentionally" delayed claims of priority constitutes egregious misconduct.  The '494, '822, '633, and '086 Patents are unenforceable on account of Finjan's unclean hands.

314.    Additionally, Fortinet incorporates herein by reference its allegations regarding Finjan's inequitable conduct with respect to the '494 and '086 Patents, *supra*.  Said inequitable conduct forms a further basis for Finjan's unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ensnarement)

315.    To the extent that Finjan presents theories of infringement under the doctrine of equivalents in this action that are broad enough to encompass the prior art, then Finjan's claims are barred by the doctrine of ensnarement.

316.    For example, to the extent Finjan alleges that claims of the '844 Patent are broad enough to cover, under the doctrine of equivalents, the inspection of a file sent from a web server by an intermediate device before the file reaches or is executed by a client device, then Finjan's infringement theory ensnares the prior art including, but not limited to, U.S. Patent No. 5,623,600 issued to Ji et al.; MIMEsweeper Version 2.0 from Integralis; Trend Micro's InterScan VirusWall; and Symantec's Norton AntiVirus for Gateways.

317.    As another example, to the extent Finjan alleges that claims of the '633 and '822 Patents are broad enough to cover, under the doctrine of equivalents, submission or diversion of a received downloadable to a sandbox or emulator environment for evaluation or running, then Finjan's infringement theory ensnares prior art such as the IBM and Symantec Digital Immune System; Dahlia Malkhi et al., "Secure Execution of Java Applets using a Remote Playground", 1998 Symposium on Security and Privacy Proceedings (May 1998); U.S. Patent No. 6,065,118 to Bull et al.; and other prior art sandbox and emulator environments.

318.    As yet another example, to the extent Finjan alleges that claims of the '494 Patent are broad enough to cover, under the doctrine of equivalents storage solutions that are not databases or the use of sandboxing and/or emulation to derive a security profile for a file, then Finjan's allegations ensnare prior art such as Dynamic Detection And Classification of Computer Viruses Using General Behaviour Patterns" by Morton Swimmer et al. and the IBM Digital Immune System, respectively.

319.    Fortinet's investigation is ongoing and Finjan has yet to serve infringement contentions in this action, and thus Fortinet expressly reserves the right to assert further and additional grounds for ensnarement by the Asserted Patents according to the appropriate schedule determined by the Court.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Patent Exhaustion)

320.    Finjan's claims are barred, in whole or in part, under the doctrines of patent exhaustion and/or first sale.  In particular, one or more of the Fortinet Accused Products may utilize, in part, products or services provided by Microsoft Corporation.  On information and belief, Finjan has received compensation for the actual or alleged infringement of one or more of the Asserted Patents as

a result of a license agreement between Finjan and Microsoft, thereby exhausting Finjan's infringement claims against Fortinet as to any products that utilize Microsoft's licensed products.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Express / Implied License)

321.    Finjan is not entitled to the relief sought against Fortinet because, on information and belief, one or more of the Accused Products are licensed, expressly or implicitly, based on Finjan's prior license with Microsoft Corporation.  In particular, Fortinet's Accused Products, including for example, FortiSandbox and/or any products used in combination with FortiSandbox or a product and/or technology provided by Microsoft, on information and belief, are covered under Finjan's prior license with Microsoft and, thus, Finjan is not entitled to the relief sought against Fortinet with respect to at least these products based on express and/or implied license.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

322.    Finjan's claims for injunctive relief are barred because, among other things, any alleged injury to Finjan is not immediate or irreparable, Finjan has an adequate remedy at law, the balance of hardships between the parties favors Fortinet, and the public interest would be disserved by imposing injunctive relief on Fortinet.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

323.    Finjan's recovery for alleged infringement of the Finjan Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

324.    Additionally, Finjan is barred under 35 U.S.C. § 288 from recovering any costs associated with this action on account of Finjan's failure to enter a disclaimer of invalid claims with the USPTO prior to filing this suit (e.g., claims 1, 2, and 6 of the '494 Patent have been found unpatentable in other proceedings involving the '494 Patent).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

325.    Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.  On information and belief, Finjan has made, offered for sale, sold, or imported articles embodying one or more of the purported inventions of the Asserted Patents (including but not limited to the SurfinGate and SurfinShield products), but failed to mark such articles as required under section 287.  Similarly, on information and belief, Finjan has licensed the Asserted Patents to third parties that have made, offered for sale, sold, or imported articles embodying one or more of the purported inventions of the Asserted Patents, but such third parties did not mark such articles as required under section 287, and were not required by Finjan to mark.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Government Sales)

326.    To the extent any claim for damages for patent infringement arises from the use or manufacture by or for the United States, Finjan's remedies are limited under 28 U.S.C. § 1498(a).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Exceptional Case)

327.    Finjan cannot prove that this is an exceptional case justifying an award of attorneys' fees against Fortinet pursuant to 35 U.S.C. § 285.

## TWENTY-SECONDTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

328.    Fortinet has not willfully infringed any of the Asserted Patents, nor can Finjan prove that Fortinet has infringed willfully.

## TWENTY-THIRDTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

329.    To the extent that Finjan purports to state claims for relief for alleged injuries arising from alleged conduct outside of the United States, this Court is without subject matter jurisdiction to hear or adjudicate those claims or provide any relief thereunder.

## TWENTY-FORTH AFFIRMATIVE DEFENSE

### (Prosecution Laches and/or Equitable Estoppel)

330.    Finjan's claims of infringement of one or more of the Asserted Patents are barred, in whole or in part, under the doctrine of prosecution history laches and/or equitable estoppel.

331.    For example, Finjan unreasonably delayed in prosecuting at least the claims of the '494 Patent, which issued March 18, 2014 from an application filed November 7, 2011 and that claimed priority through a series of continuation and continuation-in-part applications to a provisional application dated November 8, 1996—15 years before the application that issued as the '494 Patent. On information and belief, Finjan has alleged in other lawsuits involving the '494 Patent, that each of the asserted claims of the '494 Patent is entitled to the priority date of November 8, 1996.

332.    The '494 Patent claims priority through a number of continuation and continuation-in-part applications back to U.S. Provisional Application No. 60/030,639 ("'639 application"), which was filed on November 8, 1996 naming Shlomo Touboul as the sole inventor.  The application which issued as the U.S. Patent No. 6,092,194 ("'194 Patent") was filed on November 6, 1997 claiming priority to the '639 application, naming Shlomo Touboul as the sole inventor, and having a similar, but not identical, disclosure as the '639 application.  U.S. Patent No. 6,804,780 ("'780 Patent") issued on October 12, 2004 from an application that was filed on March 30, 2000 as a continuation application of the '194 Patent.  Upon the issuance of the '780 Patent, the subject matter disclosed in the specifications of the '780 and '194 Patents was no longer expressly recited in a patent application, nor was the subject matter claimed until the application that issued as the '494 Patent was filed on November 7, 2011 – more than seven years after the '780 Patent issued.  Accordingly, the subject matter claimed in the '494 Patent disappeared as Finjan pursued other, distinct subject matter, only to reemerge nearly a decade later when Finjan asserted the '194 Patent against McAfee, Inc. and others, which resulted in numerous claims of the '194 Patent being invalidated over prior art and a jury returning a verdict of non-infringement.  The verdict was affirmed by the Federal Circuit in *Finjan Inc. v. Symantec Corp.*, 577 F. App'x 999, 1000 (Fed. Cir. 2014).

333.    Finjan's validity case with respect to the '494 Patent is necessarily premised on an assertion that the claims of the '494 Patent are different from the now invalidated claims of the '194

Patent.  Accordingly, the specific subject matter claimed in the '494 Patent has laid dormant – essentially not disclosed except for being incorporated by reference by numerous seemingly unrelated intervening patents – for seven years after the issuance of the '780 Patent on October 12, 2004, which is a continuation of the '194 Patent.  This seven-year delay by Finjan was unreasonable and without explanation.

334.    Similarly, the '305 patent was filed December 9, 2004, more than seven years after the earliest claimed non-provisional application in the chain of priority, U.S. Patent Application No. 08/964,388 ("the '388 application"), filed November 6, 1997.  The '086 patent was filed May 26, 2009, more than eleven years after the earliest claimed non-provisional application in the chain of priority, the '388 application.  Like the '494 Patent, Finjan unreasonably delayed, without explanation, its prosecution of the '305 and '086 Patents.  Specifically, upon information and belief, Finjan's delay in prosecuting these patents constituted a willful misuse of the patent system in that Finjan attempted to improperly expand the scope of its patent claims to encompass developments in the anti-virus security field that Finjan did not invent.  Finjan unreasonably and improperly claimed priority to its earlier-filed applications dating back to as early as November 1996 to limit the universe of prior art that would be considered by the Examiner during prosecution of those asserted patents.  A Patent Examiner is entitled to rely on the patent applicant's and counsel's duty of candor under 37 C.F.R. § 1.56 and also the signature requirement under 37 C.F.R. § 11.18 that the statements submitted to the Patent Office are made on information and belief, and are believed to be true and that willful false statements will jeopardize the validity of any patent issued on such application. These certification requirements apply to priority claims.

335.    On information and belief, Finjan has asserted in other lawsuits involving the '305 Patent that the asserted claims of the '305 Patent are "entitled to the priority date of December 9, 2004" – which is the actual filing date of the application that matured as the '305 Patent.  Comparison of the text of the specification of the '305 patent confirms that it does not share a single paragraph in U.S. Patent No. 6,092,194, filed November 6, 1997.  However, by claiming that the '305 Patent was entitled to the priority date of November 6, 1997, Finjan discouraged the Patent Examiner from searching for prior art having an effective filing date later than November 6, 1997.  Accordingly,

1   Finjan either willfully deceived the Patent Examiner regarding the effective filing date of the '305

2   Patent or unreasonably delayed, without explanation, filing the application for the '305 Patent.

3       336.    With respect to the '086 patent, as discussed in ESET's Claim Construction Brief in

4   *Finjan v. ESET, LLC*, No. 3-17-cv-00183 (S.D. Cal.), Dkt. 138 at 7, there is no written description

5   support for the asserted claims of the '086 Patent other than in the application claims of the '086

6   Patent, which were filed on May 26, 2009.  However, by claiming priority in the application for the

7   '086 Patent to applications filed as early as November 6, 1997, Finjan limited the universe of prior art

8   considered during prosecution of the '086 Patent.  In so doing, Finjan was able to secure issuance of

9   claims to alleged inventions that are described nowhere in its prior applications, and indeed are not

10  described even in the text of the '086 Patent.  Accordingly, Finjan either willfully deceived the Patent

11  Examiner regarding the effective filing date of the '086 Patent or unreasonably delayed, without

12  explanation, filing the application for the '086 Patent.

13      337.    During these delays, Fortinet was prejudiced because it spent considerable resources in

14  designing, developing and marketing its products.

15              **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16                  **(Failure to State a Claim)**

17      338.    Finjan's claims for relief and each and every one of its allegations fails to state a claim

18  against Fortinet upon which any relief may be granted.

19                  **PRAYER FOR RELIEF**

20      339.    Fortinet denies that Finjan is entitled to the relief requested in its Prayer for Relief,

21  including the relief set forth in paragraphs (A)-(G) of the Complaint, or to any other relief.  Fortinet

22  asks that Finjan's Complaint be dismissed with prejudice, that judgment be entered for Fortinet and

23  that Fortinet be awarded attorneys' fees incurred in defending against the Complaint, together with

24  such other relief the Court deems appropriate.

25                  **COUNTERCLAIMS**

26      1.      Fortinet incorporates herein by reference its responses and statements contained in the

27  all the preceding paragraphs of its Answer.  Fortinet brings this action against Finjan pursuant to Rule

28  13 of the Federal Rules of Civil Procedure, for a declaratory judgment of invalidity, non-infringement,

and unenforceability of the Finjan Asserted Patents ("Counterclaims").  For its Counterclaims against Finjan, Fortinet states, based on personal knowledge as to all acts or events that they have undertaken or witnessed, and upon information and belief as to all others, as follows:

## PARTIES

2.      Fortinet, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 899 Kifer Road, Sunnyvale, California 94086.

3.      On information and belief, Finjan is a Delaware corporation, with its principal place of business at 2000 University Avenue, Suite 600, East Palo Alto, California 94303.

## JURISDICTION AND VENUE

4.      These Counterclaims are for a declaratory judgment of invalidity, non-infringement, and unenforceability of Finjan's Asserted Patents.

5.      Based on Finjan's filing of this action and Fortinet's affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Fortinet and Finjan regarding the validity, alleged infringement, and enforceability of the Finjan Asserted Patents.  This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*), and the Patent Act of the United States, 35 U.S.C. § 101 *et seq.*, including without limitation §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

6.      This Court has personal jurisdiction over Finjan based on, among other reasons, Finjan conducting business within the State of California, maintaining its principal place of business in this District, subjecting itself to the jurisdiction of this Court by filing this action, and availing itself of the rights and benefits of California law.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because, among other reasons, Finjan has brought its Complaint for patent infringement of the Finjan Asserted Patents in this Court.

## COUNTERCLAIM COUNT I

### (Declaratory Judgment of Invalidity of the '844 Patent)

8.      Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

9.      Finjan asserts that it is the owner of all right, title, and interest in and to the '844 Patent.

10.     On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '844 Patent.

11.     Each asserted claim of the '844 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '844 Patent (Section 112).

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '844 Patent is invalid.

13.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT II

### (Declaratory Judgment of Non-Infringement of the '844 Patent)

14.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

15.     Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '844 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '844 Patent, either literally or by application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '844 Patent.

16.     Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '844 Patent because Fortinet does not instruct or encourage its customers, users, or developers to

use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

17.     Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '844 Patent.

18.     Fortinet has not infringed and is not now infringing any valid claim of the '844 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

19.     Fortinet also has not and does not willfully infringe the '844 Patent.

20.     A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '844 Patent.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '844 Patent.

22.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT III

### (Declaratory Judgment of Invalidity of the '494 Patent)

23.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

24.     Finjan asserts that it is the owner of all right, title, and interest in and to the '494 Patent.

25.     On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '494 Patent.

26.     Each asserted claim of the '494 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103),

1  or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the

2  art to make and use the alleged inventions described and claims in the '494 Patent (Section 112).

3     27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet

4  requests the Court's declaration that each claim of the '494 Patent is invalid.

5     28.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred

6  in connection with this action pursuant to 35 U.S.C. § 285.

7                    **<u>COUNTERCLAIM COUNT IV</u>**

8            **(Declaratory Judgment of Non-Infringement of the '494 Patent)**

9     29.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of

10  these Counterclaims and Answer.

11     30.     Finjan asserts that Fortinet's Accused Products have infringed or are infringing the

12  '494 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products,

13  meets each and every limitation of any asserted claim of the '494 Patent, either literally or by

14  application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly

15  any asserted claim of the '494 Patent.

16     31.     Fortinet also has not knowingly or actively aided and abetted the direct infringement of

17  the '494 Patent because Fortinet does not instruct or encourage its customers, users, or developers to

18  use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not

19  advertise and promote the use of any Fortinet product, including the Accused Products, in an

20  infringing manner and does not distribute guidelines and instructions to third parties on how to use

21  any Fortinet product, including the Accused Products, in an infringing manner.

22     32.     Fortinet does not have the specific intent and is not willfully blind to induce

23  infringement of the '494 Patent.

24     33.     Fortinet has not infringed and is not now infringing any valid claim of the '494 Patent,

25  either directly, contributorily, or through inducement, literally or by equivalents.

26     34.     Fortinet also has not and does not willfully infringe the '494 Patent.

27

28

35.     A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '494 Patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 494 Patent.

37.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT V

### (Declaratory Judgment of Invalidity of the '086 Patent)

38.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

39.     Finjan asserts that it is the owner of all right, title, and interest in and to the '086 Patent.

40.     On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '086 Patent.

41.     Each asserted claim of the '086 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '086 Patent (Section 112).

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '086 Patent is invalid.

43.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT VI

### (Declaratory Judgment of Non-Infringement of the '086 Patent)

44.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

45.    Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '086 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '086 Patent, either literally or by application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '086 Patent.

46.    Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '086 Patent because Fortinet does not instruct or encourage its customers, users, or developers to use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

47.    Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '086 Patent.

48.    Fortinet has not infringed and is not now infringing any valid claim of the '086 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

49.    Fortinet also has not and does not willfully infringe the '086 Patent.

50.    A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '086 Patent.

51.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 086 Patent.

52.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT VII

### (Declaratory Judgment of Invalidity of the '633 Patent)

53.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

54.    Finjan asserts that it is the owner of all right, title, and interest in and to the '633 Patent.

55.    On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '633 Patent.

56.    Each asserted claim of the '633 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '633 Patent (Section 112).

57.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '633 Patent is invalid.

58.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT VIII

### (Declaratory Judgment of Non-Infringement of the '633 Patent)

59.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

60.    Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '633 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '633 Patent, either literally or by application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '633 Patent.

61.    Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '633 Patent because Fortinet does not instruct or encourage its customers, users, or developers to

use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

62.     Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '633 Patent.

63.     Fortinet has not infringed and is not now infringing any valid claim of the '633 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

64.     Fortinet also has not and does not willfully infringe the '633 Patent.

65.     A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '633 Patent.

66.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 633 Patent.

67.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT IX

### (Declaratory Judgment of Invalidity of the '822 Patent)

68.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

69.     Finjan asserts that it is the owner of all right, title, and interest in and to the '822 Patent.

70.     On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '822 Patent.

71.     Each asserted claim of the '822 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103),

or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '822 Patent (Section 112).

72.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '822 Patent is invalid.

73.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT X

### (Declaratory Judgment of Non-Infringement of the '822 Patent)

74.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

75.     Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '822 Patent. Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '822 Patent, either literally or by application of the doctrine of equivalents. Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '822 Patent.

76.     Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '822 Patent because Fortinet does not instruct or encourage its customers, users, or developers to use any Fortinet product, including the Accused Products, in an infringing manner. Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

77.     Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '822 Patent.

78.     Fortinet has not infringed and is not now infringing any valid claim of the '822 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

79.     Fortinet also has not and does not willfully infringe the '822 Patent.

80.     A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '822 Patent.

81.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 822 Patent.

82.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT XI

### (Declaratory Judgment of Invalidity of the '305 Patent)

83.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

84.     Finjan asserts that it is the owner of all right, title, and interest in and to the '305 Patent.

85.     On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '305 Patent.

86.     Each asserted claim of the '305 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '305 Patent (Section 112).

87.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '305 Patent is invalid.

88.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT XII

### (Declaratory Judgment of Non-Infringement of the '305 Patent)

89.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

90.     Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '305 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '305 Patent, either literally or by application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '305 Patent.

91.     Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '305 Patent because Fortinet does not instruct or encourage its customers, users, or developers to use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

92.     Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '305 Patent.

93.     Fortinet has not infringed and is not now infringing any valid claim of the '305 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

94.     Fortinet also has not and does not willfully infringe the '305 Patent.

95.     A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '305 Patent.

96.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 305 Patent.

97.     This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

1

**COUNTERCLAIM COUNT XIII**

2

**(Declaratory Judgment of Invalidity of the '408 Patent)**

3         98.     Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of

4    these Counterclaims and Answer.

5         99.     Finjan asserts that it is the owner of all right, title, and interest in and to the '408 Patent.

6         100.    On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*,

7    that Fortinet is infringing the '408 Patent.

8         101.    Each asserted claim of the '408 Patent is invalid under the Patent Act, 35 U.S.C. § 101

9    *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws

10   pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new

11   or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103),

12   or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the

13   art to make and use the alleged inventions described and claims in the '408 Patent (Section 112).

14        102.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet

15   requests the Court's declaration that each claim of the '408 Patent is invalid.

16        103.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred

17   in connection with this action pursuant to 35 U.S.C. § 285.

18

**COUNTERCLAIM COUNT XIV**

19

**(Declaratory Judgment of Non-Infringement of the '408 Patent)**

20        104.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of

21   these Counterclaims and Answer.

22        105.    Finjan asserts that Fortinet's Accused Products have infringed or are infringing the

23   '408 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products,

24   meets each and every limitation of any asserted claim of the '408 Patent, either literally or by

25   application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly

26   any asserted claim of the '408 Patent.

27        106.    Fortinet also has not knowingly or actively aided and abetted the direct infringement of

28   the '408 Patent because Fortinet does not instruct or encourage its customers, users, or developers to

use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

107.    Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '408 Patent.

108.    Fortinet has not infringed and is not now infringing any valid claim of the '408 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

109.    Fortinet also has not and does not willfully infringe the '408 Patent.

110.    A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '408 Patent.

111.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 408 Patent.

112.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT XV

### (Declaratory Judgment of Invalidity of the '968 Patent)

113.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

114.    Finjan asserts that it is the owner of all right, title, and interest in and to the '968 Patent.

115.    On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '968 Patent.

116.    Each asserted claim of the '968 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103),

1  or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the

2  art to make and use the alleged inventions described and claims in the '968 Patent (Section 112).

3        117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet

4  requests the Court's declaration that each claim of the '968 Patent is invalid.

5        118.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred

6  in connection with this action pursuant to 35 U.S.C. § 285.

7  **COUNTERCLAIM COUNT XVI**

8  **(Declaratory Judgment of Non-Infringement of the '968 Patent)**

9        119.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of

10  these Counterclaims and Answer.

11        120.    Finjan asserts that Fortinet's Accused Products have infringed or are infringing the

12  '968 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products,

13  meets each and every limitation of any asserted claim of the '968 Patent, either literally or by

14  application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly

15  any asserted claim of the '968 Patent.

16        121.    Fortinet also has not knowingly or actively aided and abetted the direct infringement of

17  the '968 Patent because Fortinet does not instruct or encourage its customers, users, or developers to

18  use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not

19  advertise and promote the use of any Fortinet product, including the Accused Products, in an

20  infringing manner and does not distribute guidelines and instructions to third parties on how to use

21  any Fortinet product, including the Accused Products, in an infringing manner.

22        122.    Fortinet does not have the specific intent and is not willfully blind to induce

23  infringement of the '968 Patent.

24        123.    Fortinet has not infringed and is not now infringing any valid claim of the '968 Patent,

25  either directly, contributorily, or through inducement, literally or by equivalents.

26        124.    Fortinet also has not and does not willfully infringe the '968 Patent.

27

28

125.    A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '968 Patent.

126.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 968 Patent.

127.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM COUNT XVII

### (Declaratory Judgment of Invalidity of the '731 Patent)

128.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

129.    Finjan asserts that it is the owner of all right, title, and interest in and to the '731 Patent.

130.    On October 26, 2018, Finjan filed its Complaint against Fortinet, alleging, *inter alia*, that Fortinet is infringing the '731 Patent.

131.    Each asserted claim of the '731 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '731 Patent (Section 112).

132.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that each claim of the '731 Patent is invalid.

133.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM COUNT XVIII**

**(Declaratory Judgment of Non-Infringement of the '731 Patent)**

134.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

135.    Finjan asserts that Fortinet's Accused Products have infringed or are infringing the '731 Patent.  Fortinet denies that claim because no Fortinet product, including the Accused Products, meets each and every limitation of any asserted claim of the '731 Patent, either literally or by application of the doctrine of equivalents.  Therefore, Fortinet does not infringe directly or indirectly any asserted claim of the '731 Patent.

136.    Fortinet also has not knowingly or actively aided and abetted the direct infringement of the '731 Patent because Fortinet does not instruct or encourage its customers, users, or developers to use any Fortinet product, including the Accused Products, in an infringing manner.  Fortinet does not advertise and promote the use of any Fortinet product, including the Accused Products, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Fortinet product, including the Accused Products, in an infringing manner.

137.    Fortinet does not have the specific intent and is not willfully blind to induce infringement of the '731 Patent.

138.    Fortinet has not infringed and is not now infringing any valid claim of the '731 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

139.    Fortinet also has not and does not willfully infringe the '731 Patent.

140.    A substantial, actual, and continuing controversy has arisen and now exists between Fortinet and Finjan as to whether any of the Fortinet Accused Products infringe any valid claim of the '731 Patent.

141.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that Fortinet does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the 731 Patent.

142.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM COUNT XIX**

**(Declaratory Judgment of Unenforceability of the '494 Patent Due to Inequitable Conduct)**

143.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

144.    By its Complaint, Finjan asserts that the '494 Patent is enforceable.

145.    Fortinet denies that the '494 Patent is enforceable and contends that the '494 Patent is unenforceable on the ground of inequitable conduct.

146.    Fortinet incorporates by reference herein the allegations set forth in ¶¶ 281-295 of its Answer, which set forth the factual and legal bases for the inequitable conduct leading to the unenforceability of the '494 Patent.

147.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that the '494 Patent is unenforceable due to Finjan's inequitable conduct.

148.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM COUNT XX**

**(Declaratory Judgment of Unenforceability of the '086 Patent Due to Inequitable Conduct)**

149.    Fortinet hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

150.    By its Complaint, Finjan asserts that the '086 Patent is enforceable.

151.    Fortinet denies that the '494 Patent is enforceable and contends that the '086 Patent is unenforceable on the ground of inequitable conduct.

152.    Fortinet incorporates by reference herein the allegations set forth in ¶¶ 297-303 of its Answer, which set forth the factual and legal bases for the inequitable conduct leading to the unenforceability of the '086 Patent.

153.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fortinet requests the Court's declaration that the '086 Patent is unenforceable due to Finjan's inequitable conduct.

154.    This is an exceptional case entitling Fortinet to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Fortinet asks the Court to enter judgment and provide relief as follows:

(a)    That Finjan's Complaint be dismissed with prejudice;

(b)    That Finjan take nothing by reason of its Complaint;

(c)    That the Finjan Asserted Patents and all of their claims be adjudged invalid and/or unenforceable;

(d)    That the Finjan Asserted Patents and all their claims be adjudged not infringed by Fortinet;

(e)    That this case, including Finjan's prosecution of its claims, be declared exceptional and Fortinet be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

(f)    That Fortinet be awarded such other equitable or legal relief as this Court deems just and appropriate under the circumstances.


DATED:  December 19, 2018                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP



                                         By    _/s/ Andrew Holmes_
                                            Sean Pak
                                            David Nelson
                                            Andrew Holmes
                                            Nathan Hamstra
                                            Iman Lordgooei
                                            Ognjen Zivojnovic

                                            *Attorneys for Fortinet, Inc.*

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fortinet demands a jury trial

3

on all issues so triable.

4

5   DATED:  December 19, 2018                    QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP

6

7

8                                       By_____/s/ Andrew Holmes_____
                                                 Sean Pak
9                                                David Nelson
                                                 Andrew Holmes
10                                               Nathan Hamstra
                                                 Iman Lordgooei
11                                               Ognjen Zivojnovic

12
                                                 *Attorneys for Fortinet, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this Answer and Affirmative Defenses to Finjan, Inc.'s Complaint for Patent Infringement; Declaratory Judgment Counterclaims has been obtained from Andrew M. Holmes.

*/s/ Ognjen Zivojnovic*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, San Francisco Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Ognjen Zivojnovic*

Case No. 3:18-cv-06555-JD
FORTINET'S ANSWER TO COMPLAINT