QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Andrew M. Holmes (Bar No. 260475)
drewholmes@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
Ognjen Zivojnovic (Bar No. 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

David A. Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
Nathan Hamstra (*admitted pro hac vice*)
nathanhamstra@quinnemanuel.com
191 N. Wacker Dr., Ste. 2700
Chicago, IL 60606
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

*Attorneys for Defendant Fortinet, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>           Plaintiff,<br><br>      v.<br><br>FORTINET, INC.,<br><br>           Defendant. | CASE NO. 3:18-cv-06555-JD<br><br>**RESPONSE TO FINJAN, INC.'S PURPORTED "UPDATED STATUS REPORT IN FURTHER RESPONSE TO THE COURT'S FEBRUARY 25, 2019 ORDER (DKT. NO. 38)"** |

Finjan, Inc. ("Finjan") purports to file an "Updated Status Report In Further Response To The Court's February 25, 2019 Order (Dkt. No. 38)" (the "Report"). Dkt. 44. This Report is procedurally improper and substantively baseless, and the Court should disregard it.

As an initial matter, the Report is procedurally improper. In the "Report," Finjan requests that the "Court lift the stay imposed in connection with the February 21, 2019 status conference (Dkt. No. 38) and permit discovery to proceed on the claims that do not overlap with any other co-pending case." Dkt. 44 at 2. However, under Civil L.R. 7-2, "[a]ny request to the Court for an order *must* be presented by" a motion or stipulation. Finjan's informal "Report" does not comply with the local rules regarding motion practice, and on that basis alone should be denied. In addition, it is captioned as a "Further Response to the Court's February 25, 2019 Order," but that Order sought a "joint statement" by February 28, 2019—which the parties already filed—and did not seek or authorize any additional response. Dkt. 38.

Even if Finjan's "Report" were considered on the merits, there has been no change of circumstances that would cause the Court to reconsider its decision to stay or warrant lifting the current stay. Finjan does not identify *any* relevant change in circumstances between now and the time the Court issued the stay. The parties already identified non-overlapping claims in their February 28, 2019 report (Dkt. 42), but the Court nonetheless continued the current stay. Further, every patent asserted by Finjan against Fortinet, Inc. ("Fortinet") remains at issue in one or more cases pending in this district. That is true even if the *Qualys* and *PAN* cases are not considered, as requested by Finjan.[1]

|  | **844** | **968** | **822** | **731** | **633** | **305** | **086** | **408** | **494** |
|---|---|---|---|---|---|---|---|---|---|
| *Fortinet* | X | X | X | X | X | X | X | X | X |
| *Check Point* | X | X |  | X | X |  | X |  | X |
| *Bitdefender* |  |  |  |  |  |  |  |  | X |
| *SonicWall* | X | X | X |  | X | X |  | X | X |
| *Cisco* | X |  |  |  | X |  |  |  | X |
| *Qualys* | X | X |  | X |  | X |  | X | X |
| *PAN* |  | X | X | X | X |  |  | X | X |

---

[1] *Qualys **should*** be considered, however, since it is ahead of Fortinet's case. Qualys and Finjan already exchanged invalidity and infringement contentions and are about to commence claim construction. *See Qualys*, Dkt. 39. Those events have not yet occurred in this case.

The Court's concerns about inefficiency, collateral estoppel, inconsistent rulings, and wasting judicial/party resources can, therefore, only be fully addressed by continuing to stay this case entirely for the following reasons.

*First*, the Court's analysis should focus on overlap in asserted patents, not individual asserted claims. Every non-overlapping dependent claim that depends from an overlapping independent claim includes all limitations of that independent claim. Even unrelated non-overlapping claims are substantially similar to overlapping claims:

| "Overlapping" Claim 42 of '844 Patent | "Non-Overlapping" Claim 44 of '844 Patent |
|---|---|
| A method performed by a network gateway comprising: | A network gateway system comprising: |
| receiving a Downloadable with a linked first Downloadable security profile that identifies suspicious code in the Downloadable, the Downloadable security profile being linked to the Downloadable before the web server make the Downloadable available to the web client; | *means for* receiving a Downloadable with a linked first Downloadable security profile that identifies suspicious code in the Downloadable, the Downloadable security profile being linked to the Downloadable before the web server make the Downloadable available to the web client; |
| determining whether to trust the first Downloadable security profile; and | *means for* determining whether to trust the first Downloadable security profile; and |
| comparing the first Downloadable security profile against the security policy if the first Downloadable security profile is trustworthy. | *means for* comparing the first Downloadable security profile against the security policy if the first Downloadable security profile is trustworthy. |

The non-overlapping claims would thus lead to the very expenditure of resources and potential for collateral estoppel the Court is concerned about, especially on issues of claim construction (*Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1352 (Fed. Cir. 2018)) and invalidity (*Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.")).

*Second*, a partial stay as to only overlapping claims or even patents would require the parties to proceed with litigation on non-overlapping claims/patents and would allow Finjan to later assert the overlapping claims/patents depending on the outcome of other cases in this District. This would require repeating much of the same fact and expert discovery, witness depositions, third party

1  discovery, claim construction, summary judgment, *Daubert* motions, motions *in limine*, and trial.
2  For example, an engineer knowledgeable on a particular feature that allegedly infringes both
3  overlapping and non-overlapping patents should not be forced to undergo two depositions.

4    *Third*, a partial stay would not avoid potentially inconsistent judgments on defenses
5  adjudicated in parallel cases that could render entire patents or even patent families unenforceable,
6  such as unclean hands, inequitable conduct, and prosecution laches.

7    Accordingly, partially lifting the stay is unwarranted. The stay should continue in its
8  entirety.

9  DATED: September 13, 2019      QUINN EMANUEL URQUHART &
10                   SULLIVAN, LLP

11             By: */s/ Andrew M. Holmes*
12               Sean Pak (Bar No. 219032)
              seanpak@quinnemanuel.com
13               Andrew M. Holmes (Bar No. 260475)
              drewholmes@quinnemanuel.com
14               Iman Lordgooei (Bar No. 251320)
              imanlordgooei@quinnemanuel.com
15               Ognjen Zivojnovic (Bar No. 307801)
              ogizivojnovic@quinnemanuel.com
16               50 California Street, 22nd Floor
              San Francisco, California 94111-4788
17               Telephone:  (415) 875-6600
              Facsimile:  (415) 875-6700
18

19               David A. Nelson (*admitted pro hac vice*)
              davenelson@quinnemanuel.com
20               Nathan Hamstra (*admitted pro hac vice*)
              nathanhamstra@quinnemanuel.com
21               191 N. Wacker Dr., Ste. 2700
              Chicago, IL 60606
22               Telephone:  (312) 705-7400
              Facsimile:  (312) 705-7401
23

24               *Attorneys for Fortinet, Inc.*

25

26

27

28